

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00116-CV

**ISAAC MAHURON,**

**Appellant**

 **v.**

**TDCJ,**

**Appellee**

From the County Court at Law
Walker County, Texas
Trial Court No. 11568-CV

## O P I N I O N

On August 1, 2013, Isaac Mahuron, an inmate at the Ellis Unit, filed this suit pro se against the Texas Department of Criminal Justice (the Department) as an indigent, thus triggering Chapter 14 of the Civil Practice and Remedies Code.[1]  *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (West 2002 & Supp. 2014).  His suit alleges that he suffered a partially amputated finger on a broken window in a dayroom and alleges a premises-

---

[1] The petition has a certificate of service with a service date of July 17, 2013.

liability claim under the Texas Tort Claims Act against the Department.

In compliance with Chapter 14, Mahuron filed with his petition his "declaration of previous filings," a copy of his certified inmate-account statement, and his "declaration of exhaustion."[2]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004 (West Supp. 2014), § 14.005 (West 2002).  The declaration of exhaustion explains under penalty of perjury that, after filing his Step-1 Grievance, Mahuron filed his Step-2 Grievance by personally handing it to the grievance investigator during a unit lock-down.  After not receiving a written decision on the Step-2 Grievance, Mahuron inquired and was informed that there was no record of his Step-2 Grievance being filed.  He did not receive any responses to his subsequent attempts to obtain information on the missing Step-2 Grievance or to his resubmitted Step-2 Grievance.

After the Department appeared and answered, Mahuron commenced written discovery and filed a summary-judgment motion that was denied.  Almost eight months after suit had been filed, on March 27, 2014, the Department filed a motion to dismiss under Chapter 14, asserting that Mahuron had not exhausted his administrative remedies under section 14.005 because he did not file a copy of the written decision from the prison grievance system.  The motion to dismiss did not address the specific allegations in Mahuron's declaration of exhaustion about why he was unable to file a copy of the written decision on his Step-2 Grievance.

---

[2] Before the Department appeared and answered, Mahuron filed a "motion requesting determination of exhaustion."  This motion sets forth the same specific allegations that we detail below, includes corroborating declarations of two other inmates, and requests that the trial court declare that Mahuron has exhausted the administrative remedies available to him.  The trial court denied this motion but did not dismiss Mahuron's suit *sua sponte*.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003, 14.010 (West 2002).

In an order signed on March 30, 2014—before Mahuron's response to the motion to dismiss was filed on April 2—the then-trial court judge granted the Department's motion to dismiss. Mahuron appeals, asserting in his sole issue that the trial court erred and abused its discretion by dismissing his suit for failure to exhaust his administrative remedies.

Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.). "A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion." *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding). Section 14.005(a) provides:

> (a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:
>
>> (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and
>>
>> (2) a copy of the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a).

> Section 501.008(d) provides:
>
> (d) An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until:
>
>> (1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or

> (2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed.

TEX. GOV'T CODE ANN. § 501.008(d) (West 2012).

"Section 14.005(a)(2)'s purpose is to demonstrate that an inmate, proceeding *in forma pauperis*, has exhausted his or her administrative remedies through the TDCJ's grievance system by providing certain information to the court, including a copy of the written decision from the grievance system." *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009); *see Brewer*, 268 S.W.3d at 769. "An inmate must prove he exhausted all administrative remedies within the penal grievance system before initiating a lawsuit." *Wallace v. Tex. Dep't Crim. Just.-Inst. Div.*, 36 S.W.3d 607, 610 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). The "proper exhaustion" of the grievance process is accomplished by the inmate's "compliance with an agency's deadlines and other critical procedural rules." *Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App—Fort Worth 2008, no pet.) (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006)).

We have previously stated that if an inmate does not strictly comply with section 14.005(a), a trial court does not abuse its discretion in dismissing the suit. *Brewer*, 268 S.W.3d at 768. But a year after our decision in *Brewer*, the supreme court in *Garrett* did not require strict compliance, holding that a hand-typed, verbatim reproduction of the written decision satisfied section 14.005(a)(2). *Garrett*, 283 S.W.3d at 853-54. And in response to a prison official's argument that strict compliance is required, a sister court recently similarly held that an inmate substantially complied with section 14.005.

*Camacho v. Rosales*, --- S.W.3d ---, ---, 2014 WL 2808993, at *3 (Tex. App.—El Paso June 20, 2014, no pet.); *see also Francis v. TDCJ-CID,* 188 S.W.3d 799, 804 (Tex. App.—Fort Worth 2006, no pet.) ("we believe that such a hypertechnical application of the statute [§ 14.005] is unnecessary and unjust regarding this particular claim").

Like many of our sister courts, we have held that an inmate may substantially comply with section 14.004's requirements for the inmate's declaration of previous filings. *Washington v. Tex. Dep't Crim. Just.-Inst. Div.*, No. 10-04-00253-CV, 2005 WL 1484037, at *3 (Tex. App.—Waco June 22, 2005, no pet.) (mem. op.) (citing cases). In *Washington*, the inmate provided limited information about his previous filings because prison officials and employees had allegedly destroyed his legal materials that he needed to comply with section 14.004. *See id.* at *1, 3. Therefore, when an inmate alleged on appeal that a prison employee had destroyed his grievances to explain why he had not filed a declaration of exhaustion, we cited *Washington* in noting that the inmate should have raised that allegation in the trial court and in indicating that the inmate could have attempted to substantially comply with section 14.005 by filing a declaration stating the date that his grievance was filed and the date that he received the written grievance decision. *Bright v. Quarterman*, No.10-08-00140-CV, 2010 WL 3036475, at *2 (Tex. App.—Waco Aug. 4, 2010, no pet.) (mem. op.) (citing *Washington,* 2005 WL 1484037, at *3).

Finally, we construe *Conely v. Tex. Bd. of Crim. Just.*, No. 03-10-00422, 2011 WL 3890404 (Tex. App.—Austin Aug. 31, 2011, no pet.) (mem. op.), as an explanation of how substantial compliance is built into section 14.005(a) by its incorporation of section 501.008(d):

[I]f an inmate has filed a grievance and does not receive a written decision issued by the highest authority in the grievance system, he may file a claim in state court on the 180th day after the grievance was filed. *See* TEX. GOV'T CODE ANN. § 501.008(d). Any failure to process Conely's timely filed grievances therefore would not deprive him of the right to assert claims arising from the same operative facts in district court.

….

Section 501.008 of the government code would permit Conely to file this claim in state court even if, as he asserts, the grievance he attempted to file was "trashed" or not processed and he never received a written response, provided that he filed his state court claim no sooner than 180 days after filing his grievance. *See* TEX. GOV'T CODE ANN. § 501.008(d)(2).

*Conely*, 2011 WL 3890404, at *2, 4.

In *Conely* the court addressed whether an inmate who was alleging that his grievances were being "trashed" or not processed had satisfied section 14.005:

In his affidavit of exhaustion of administrative remedies, Conely does not identify a specific step-one grievance in which he made a claim that any prison official's actions violated his right to be free from cruel and unusual punishment. He does aver that "there are other issues and or [sic] constitutional violations noted in plaintiff's complaint herein that plaintiff attempted to submit a grievance about however these grievances were trashed by defendants." Even if this general statement could be construed to refer to the alleged Eighth Amendment violation, Conely does not state the date on which the grievance was filed as required by section 14.005(a).

*Id.*, 2011 WL 3890404, at *4. The court then explained what an inmate should do in the situation of a missing grievance or the lack of a written response to a grievance:

When no written response has been received, an inmate can satisfy the requirements of civil practice and remedies code section 14.005 by stating the date that his grievance was filed and demonstrating that 180 days have passed without his receiving a written decision from the grievance system. Conely's affidavit provides no information regarding the date he attempted to file a grievance complaining of the alleged violation of his Eighth Amendment rights and therefore fails to comply with section 14.005(a).

Accordingly, the trial court acted within its discretion in dismissing Conely's claim. *Brewer,* 268 S.W.3d at 768.

*Id.*

We thus hold that an inmate may substantially comply with section 14.005. To be clear, we are *not* stating that an inmate is not required to exhaust the administrative remedy of the prison grievance system. Rather, if the grievance system provides the exclusive administrative remedy for a claim, an inmate *must* exhaust that administrative remedy and *must* file an affidavit or unsworn declaration of exhaustion. TEX. GOV'T CODE ANN. § 501.008(d)(2); TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a). If the inmate cannot strictly comply with section 14.005(a) by providing a copy of the written decision and by stating the date of the written decision, the inmate may substantially comply with section 14.005(a) by filing an affidavit or unsworn declaration that states the filing dates of his Step-1 and Step-2 grievances and that specifically details why the inmate cannot state the date of the written decision from the grievance system and cannot provide a copy of that written decision. *See Conely,* 2011 WL 3890404, at *4; *Bright,* 2010 WL 3036475, at *2.

We now turn to the record to determine whether Mahuron's declaration of exhaustion establishes that he substantially complied with section 14.005(a). In his declaration of exhaustion, Mahuron states:

- He filed his Step-1 grievance on March 17, 2013, and the grievance number is #2013115312.

- He received a response on May 1, 2013 that the broken window has been fixed. Mahuron adds that the window had not been fixed and that the response did not address his injury.

- On May 10, 2013, he submitted his Step-2 grievance to Unit Grievance Investigator (UGI) Brewer by personally handing it to her when she visited his wing because the Ellis Unit was on lockdown for a semi-annual shakedown.

- Because he did not receive a response to his Step-2 grievance or an extension, on June 25, 2013, he submitted an I-60 (request for information) to UGI Brewer, who Mahuron claims responded as follows: "Grievance #2013115312 was closed on 5/01/13 for Step 1. There is no record in the computer of Step-2 being filed."[3]

- On June 27, Mahuron submitted to Brewer a duplicate Step-2 Grievance and another I-60 that he claims stated:

  Ms. Brewer: Concerning Grievance #2013115312, on Friday May 10, 2013, which was the last day of the semi-annual lockdown/shakedown, you came to the wing, J-24, that morning picking up grievances at which time I personally handed you my Step-2 Grievance #2013115312 with the Step-1 attached. Would you PLEASE check your files, including the file folder you carry, to see if my Step-2 was inadvertently misplaced, and if so, process it accordingly.

  If you are still unable to locate it, would you allow me to resubmit the attached duplicate Step-2 that I maintained for my files.

  Your assistance in this matter is GREATLY appreciate [*sic*].

- On July 3, Mahuron submitted to Brewer another I-60 that he claims stated:

  Ms. Brewer: On 6/26/13 I submitted an I-60 to you concerning Step-2 Grievance #2013115312, along with a copy of that Step-2.
  Would you please inform me:
  if you found my previously submitted Step-2 Grievance #2013115312;
  if you have processed my previously submitted Step-2 #2013115312;
  if you have processed the resubmitted Step-2 #2013115312.
  Your continued assistance in this matter is appreciated.

- After getting no response to the I-60 requests, Mahuron then sent a complaint letter dated July 12 to Sandra K. Murphy, TDCJ Grievance Manager, and that letter sets forth the above history. A copy of this letter is attached to Mahuron's declaration.

---

[3] *See Garrett,* 283 S.W.3d at 853-54 (holding that inmate may provide verbatim reproduction of the written grievance decision).

The Department's motion to dismiss does not address any of the specific allegations in Mahuron's declaration; it claims only that inmates "should not be allowed to circumvent the exhaustion requirement of Chapter 14 by summarily alleging they exhausted their administrative remedies when they did not." We note that, because of its numerous and specific factual assertions, Mahuron's declaration was readily controvertible by the Department.[4] Mahuron's response to the Department's motion to dismiss similarly sets forth the above history and includes as corroboration the declarations of two other inmates who both state under penalty of perjury that they observed Mahuron hand his Step-2 Grievance to UGI Brewer on May 10, 2013.

On appeal, the Department's brief again asserts that inmates should not be allowed to summarily allege that they exhausted their administrative remedies. We agree, but Mahuron's declaration is not a summary allegation that he exhausted his remedies.[5] Rather, it specifies his attempts to exhaust the prison grievance system and includes the filing dates of his grievances.

The Department next asserts that Mahuron "complains that his Step 2 grievance was not received by the Unit Grievance Investigator, only proving his failure to exhaust." Mahuron, however, is not complaining that his Step-2 Grievance was not received, nor is

---

[4] A trial court may dismiss a claim if the court finds that "the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(3).

[5] An inmate's summary or conclusory allegation that he exhausted his administrative remedies in the prison grievance system would not substantially comply with section 14.005(a). *See, e.g., Conely*, 2011 WL 3890404, at *4 ("Conely's affidavit provides no information regarding the date he attempted to file a grievance complaining of the alleged violation of his Eighth Amendment rights and therefore fails to comply with section 14.005(a).").

he claiming that he exhausted the grievance system and received a written decision on his Step-2 Grievance. Instead, he asserts with factual specificity that he did deliver his Step-2 Grievance to UGI Brewer. His declaration admits that he did not get a written Step-2 decision, and he explains why he did not get it and could not file it with his declaration. Mahuron contends that he did everything that he possibly could do to exhaust his administrative remedies within the prison grievance system, and he was left with two choices—abandon his premises-liability claim for his partially amputated finger, or file suit with a declaration of exhaustion that explains his efforts to exhaust the prison grievance system. Based on the record, we conclude that Mahuron substantially complied with section 14.005(a). *See Conely,* 2011 WL 3890404, at *4; *see also Bright,* 2010 WL 3036475, at *2 (indicating that inmate could have attempted to substantially comply with section 14.005 by filing declaration stating date grievance was filed and date he received written grievance decision).

Under Government Code section 501.008(d)(2), because Mahuron did not receive a written grievance system decision, he could file his suit 180 days after the date his grievance was filed. *See Conely,* 2011 WL 3890404, at *4 (citing TEX. GOV'T CODE ANN. § 501.008(d)(2)). Mahuron's Step-1 Grievance was filed on March 17, 2013. His petition was filed on August 1, 2013 after being mailed by him on July 17, 2013 (approximately 120 days after his grievance was filed). Mahuron's suit was thus filed before the expiration of 180 days after his grievance was filed, but section 14.005(c) provides: "If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit

Mahuron v. TDCJ                                                                                              Page 10

completion of the grievance system procedure."  TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c).  Because the issue is not before us, we express no opinion on the applicability of section 14.005(c) upon remand, but we again note that the Department did not file its motion to dismiss until almost eight months after suit was filed.

In conclusion, we sustain Mahuron's sole issue, reverse the trial court's dismissal order, and remand this case for further proceedings consistent with this opinion.


REX D. DAVIS
Justice

Before Chief Justice Gray,
 Justice Davis, and
 Justice Scoggins
 (Chief Justice Gray concurs with opinion)
Reversed and remanded
Opinion delivered and filed October 15, 2015
[CV06]

