

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00105-CV
_____


JAMES J. ZARYCHTA, Appellant

V.

CORNELIA GREENE, Appellee


On Appeal from the County Court at Law
Walker County, Texas
Trial Court No. 12603CV


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

James J. Zarychta, an inmate in the Texas Department of Criminal Justice (TDCJ) at the Ellis Unit in Huntsville, Texas, appeals the dismissal of his civil lawsuit against Cornelia Greene, the TDCJ Unit Commissary Manager, as untimely under Chapter 14 of the Texas Civil Practice and Remedies Code.[1]  Because the trial court did not abuse its discretion in dismissing the lawsuit, we affirm.

"Generally, the dismissal of inmate litigation under Chapter 14 is reviewed for abuse of discretion." *Mahuron v. TDCJ*, 494 S.W.3d 377, 379 (Tex. App.—Waco 2015, no pet.).  "A trial court has no discretion to determine what the law is or in applying the law to the facts and, consequently, the trial court's failure to analyze or apply the law correctly is an abuse of discretion." *Id.* (citing *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding)).

Chapter 14 of the Texas Civil Practice and Remedies Code governs all civil lawsuits, including appeals (except for those under the Texas Family Code) brought by Texas inmates in which the inmate files an affidavit or unsworn declaration of the inability to pay the court costs associated with filing litigation.  TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2017).  This case is governed by Section 14.005, which provides, in relevant part:

> (a)     An inmate who files a claim that is subject to the grievance system established under Section 501.008,[2] Government Code, shall file with the court:

---

[1]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Tenth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

[2]"Section 501.008 of the Government Code precludes an inmate from filing a claim until he has exhausted his administrative remedies through the grievance system." *Smith v. Tex. Dep't of Crim. Justice–Int'l Div.*, 33 S.W.3d

> > (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision . . . was received by the inmate; and
>
> > (2) a copy of the written decision from the grievance system.
>
> > (b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 2017).

Zarychta filed a suit October 4, 2016, against Greene in Walker County Justice Court, Precinct 3 (Justice Court), alleging that theft occurred August 27, 2015, when Greene allegedly used Zarychta's identification card to withdraw $24.90 from his inmate trust account without consent. At that time, he did not proceed *in forma pauperis*, but instead paid a $41.00 filing fee and $100.00 service fee. The Justice Court set the case for trial, but later dismissed the case with prejudice for want of prosecution after Zarychta failed to telephonically appear.

Zarychta appealed the Justice Court's decision to the County Court at Law of Walker County, Texas (County Court), for a trial de novo. *See* TEX. R. CIV. P. 506.3. For purposes of the appeal, Zarychta filed an unsworn declaration of the inability to pay the court costs, and the Justice Court certified Zarchtya to proceed *in forma pauperis* instead of paying the filing fee. In response to that appeal, Green moved to dismiss Zarychta's suit on the ground that he failed to exhaust administrative remedies by timely filing suit.

---

338, 341 (Tex. App.—Texarkana 2000, pet. denied).

In his Section 14.005(a) affidavit, Zarychta swore to the following facts: "STEP-1 GRIEVANCE #2016014289 was filed on September 24, 2015, and signed by the Step-1 reviewing authority on October 17, 2015. STEP-2 GRIEVANCE #2016014289 was filed on October 19, 2015, and signed by the Step-2 reviewing authority on November 12, 2015." After receiving the written decision from the grievance system on November 12, 2015, Zarychta had thirty-one days to file his claim. Suit in Justice Court was not filed until October 4, 2016. The County Court dismissed Zarchtya's claims after concluding that they were untimely under Section 14.005(b) of the Texas Civil Practice and Remedies Code.

On appeal, Zarychta argues that the trial court erred because he did not proceed *in forma pauperis* in the Justice Court. He notes that he paid the fees associated with the Justice Court filing and was certified to proceed *in forma pauperis* for purposes of appeal only after the Justice Court entered its dismissal. Accordingly, he contends that his lawsuit was subject to only a two-year statute of limitations, not the thirty-one-day time limit mandated by Section 14.005(b).

Section 14.002 clarifies that Chapter 14 applies "to an action, including an appeal . . . , brought by an inmate in a district, county, justice of the peace, or small claims court . . . , in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. In *Gross v. Carroll*, the First Court of Appeals explained that an inmate's initial payment of filing fees would not allow him to circumvent the application of Chapter 14 when he later claims indigence because such a construction "would violate the legislative intent to improve judicial efficiency with tailored, nonpunitive procedural rules applied to all inmate suits in which an affidavit on indigence is filed" and create a "situation in which all

4

inmates would be a filing fee away from indigence, yet immune from Chapter 14." *Gross v. Carroll*, 339 S.W.3d 718, 721–22 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Under the plain language of Section 14.002, Zarychta's de novo appeal was governed by Chapter 14. As the First Court of Appeals reasoned in *Gross*, we conclude that Zarychta's argument seeks to allow him to circumvent Chapter 14 and violate its legislative intent. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Zarychta's lawsuit.[3]

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 7, 2018
Date Decided:      February 14, 2018

---

[3]At trial, Zarychta argued that the application of Section 14.005(b) to his case violated his right to access the courts. The trial court did not rule on this issue. On appeal, he argues that Section 14.005(b) "does not now operate equally on all within the class." We find these issues unpreserved. *See* TEX. R. APP. P. 33.1.