

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00039-CV

**PAUL MINIX,**

                                        **Appellant**

 **v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE
STATE CLASSIFICATION CHAIRMAN, MS. JONI
WHITE, AND UTMB MENTAL HEALTH DIRECTOR,
JOSEPH PENN, M.D.,**

                                        **Appellees**

---

**From the 12th District Court
Walker County, Texas
Trial Court No. 1628082**

---

## MEMORANDUM OPINION

---

Paul Minix, a prison inmate, filed this suit *pro se* against the Texas Department of

Criminal Justice State Classification Chairman, Ms. Joni White, and the UTMB Mental

Health Director, Dr. Joseph Penn,[1] alleging that they violated the Eighth Amendment's prohibition against cruel and unusual punishment by failing to protect him from the risk of gang violence in his housing unit. Minix also filed with his petition a "Declaration of Inability to Pay Court Costs," which triggered Chapter 14 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). White and Penn thereafter jointly filed a combined answer and motion to dismiss Minix's claims under Chapter 14, arguing in part that Minix's suit should be dismissed for failure to comply with section 14.005(a). The trial court granted White's and Penn's motion to dismiss. This appeal ensued. Minix contends in two issues that the trial court erred in granting White's and Penn's motion to dismiss.[2]

We review a dismissal under Chapter 14 for an abuse of discretion. *Mahuron v. TDCJ*, 494 S.W.3d 377, 379 (Tex. App.—Waco 2015, no pet.). A trial court abuses its discretion if it acts "without reference to any guiding rules and principles." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (per curiam) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). Another way of stating the test is whether the trial court's actions were arbitrary or unreasonable. *Downer*, 701

---

[1] Minix did not specifically name Penn in his petition, but Penn is the Director of Mental Health Services for the University of Texas Medical Branch (UTMB), and he appeared and answered in this case.

[2] Minix filed a separate appendix to his appellant's brief that included several exhibits, most of which are not part of the appellate record. It is well established that documents attached to an appellate brief that are not part of the appellate record may generally not be considered by the appellate court. *Robb v. Horizon Cmtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). Accordingly, we will not consider any exhibits filed by Minix that are not part of the appellate record.

S.W.2d at 242. We will affirm a dismissal if it was proper under any legal theory.

*Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.).

Subsection 501.008(d) of the Government Code provides:

An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until:

(1) the inmate receives a written decision issued by the highest authority provided for in the grievance system; or

(2) if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date the grievance is filed.

TEX. GOV'T CODE ANN. § 501.008(d). Section 14.005 of the Civil Practice and Remedies Code further provides:

(a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

(c) If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.005.

The requirements of section 14.005 serve two purposes. "First, the inmate will demonstrate through compliance that he has exhausted his administrative remedies, and second, the information provided by the inmate will enable the court to determine whether the inmate has filed his claim within the requisite time period." *Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 WL 597148, at \*2 (Tex. App.—Tyler Feb. 16, 2011, no pet.) (mem. op.) (citing *Garrett v. Borden*, 283 S.W.3d 852, 853 (Tex. 2009) (per curiam)). If an inmate does not substantially comply with section 14.005, the trial court does not abuse its discretion in dismissing the inmate's case. *Mahuron*, 494 S.W.3d at 381.

Here, the record first shows that Minix filed with his petition an "Affidavit of Grievance Exhaustion" that stated, "Pursuant to Tex. Civ. Prac. & Rem. Code ch. 14.005, Minix has exhausted the available grievance remedies in this civil action." Minix did not include a copy of any written decision from the grievance system, nor did Minix provide any explanation for his failure to do so. An inmate's summary or conclusory allegation that he has exhausted his administrative remedies in the prison grievance system does not substantially comply with section 14.005(a). *Mahuron*, 494 S.W.3d at 383 & n.5. The "Affidavit of Grievance Exhaustion" that Minix filed with his petition did not, therefore, substantially comply with section 14.005(a). *See id.*

After Minix filed his petition and conclusory "Affidavit of Grievance Exhaustion," the Attorney General filed an *amicus curiae* advisory in this case, asserting in part that Minix's suit should be dismissed for noncompliance with section 14.005(a). Minix

thereafter filed a response to the advisory that included a section entitled "Plaintiff's Affidavit Declaring Exhaustion Fulfilled" ("Plaintiff's Affidavit"), stating that he "declares under penalty of p[e]rjury that he exhausted the TDCJ grievance remedies against the named defendants in this civil rights action on and about from – May thru October 2016." Minix further included copies of Step-1 and Step-2 grievance forms showing a written decision from the grievance system. The Step-1 and Step-2 grievance forms, however, do not appear to pertain to Minix's specific claims in this suit.

First, the dates on the Step-1 and Step-2 grievance forms do not correspond with the dates that Minix provided in the "Plaintiff's Affidavit." Section 14.005(a) instructs the inmate to state in his "affidavit or unsworn declaration" "the date that the grievance was filed and the date the written decision . . . was received by the inmate." Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a). Minix declared in the "Plaintiff's Affidavit" that he had exhausted his administrative remedies "on and about from – May thru October 2016." The Step-1 grievance form provided by Minix, however, was not filed in May 2016. Instead, it was filed on August 22, 2016. Furthermore, Minix could not have received the written decision on the Step-2 grievance by October 2016. The decision was not made until November 2, 2016.

Next, both the Step-1 and Step-2 grievance forms indicate that when Minix filed those grievances in the grievance system in August 2016 and September 2016, respectively, Minix had already filed a suit in state court regarding the substance of those

grievances.[3] For instance, Minix stated in the Step-1 grievance form, "I am bringing a case in civil court – now pending." Minix further stated in the Step-2 grievance form, "The case is now pending in court." Minix, however, could not have been referring to the underlying suit in those statements. The underlying suit was not pending in August or September 2016. It was not filed until December 5, 2016.

Finally, although the Step-1 and Step-2 grievances did concern Minix's housing assignment, Minix did not complain in either grievance form about any actions of White or Penn. Neither grievance form mentioned Penn or Minix's mental health. Furthermore, instead of complaining about White, Minix affirmatively asserted in the Step-1 grievance form that if White had been contacted about Minix's housing issue, White "would have immediately [taken] control and transfer[r]ed [him]."

Accordingly, the Step-1 and Step-2 grievance forms provided by Minix with the "Plaintiff's Affidavit" do not pertain to Minix's specific claims in this suit. Minix's filing in response to the Attorney General's *amicus curiae* advisory therefore failed to achieve the purposes of the requirements of section 14.005. *See Addicks*, 2011 WL 597148, at *2. Minix's filing did not demonstrate that he exhausted his administrative remedies as to his claims in this suit, nor did Minix's filing enable the court to determine whether he had filed his claims in this suit within the requisite time period. *See id.* Therefore, Minix's

---

[3] Minix's "Affidavit of Previous Filings/Suits," which he filed with his petition, does not identify such a suit; however, Minix's "Affidavit of Previous Filings/Suits" is incomplete. He improperly limited it to "claims pending" when he filed the underlying suit. *See id.* § 14.004.

filing did not substantially comply with section 14.005(a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a).

Other than the conclusory "Affidavit of Grievance Exhaustion" filed with Minix's petition and Minix's filing in response to the Attorney General's *amicus curiae* advisory, the record shows no other "affidavit or unsworn declaration" filed by Minix attempting to comply with section 14.005(a).[4] *See id.* We therefore conclude that the trial court did not abuse its discretion in granting White's and Penn's motion to dismiss Minix's claims under Chapter 14. *See Mahuron*, 494 S.W.3d at 379, 381. We accordingly overrule Minix's issues and affirm the trial court's judgment. Additionally, the pending motions for court intervention filed by Minix on September 5, 2018, May 13, 2019, and July 5, 2019, respectively, are dismissed as moot.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed August 19, 2020
[CV06]



---

[4] Minix did attach various grievance forms to several other documents that he filed in this suit, but he filed no other "affidavit or unsworn declaration" with the grievance forms.