COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LUIS RAUL CAMACHO, TDCJ-ID #1392365, | § | No. 08-12-00360-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 83rd Judicial District Court |
| | § | |
| MATTHEW K. ROSALES, | § | of Pecos County, Texas |
| | § | |
| Appellee. | § | (TC# P-7108-83-CV) |
| | § | |

## O P I N I O N

Luis Raul Camacho, acting *pro se* and in *forma pauperis*, appeals the trial court's dismissal of his theft liability suit against a prison official under Chapter 14 of the Texas Civil Practice & Remedies Code. In his sole issue, Camacho contends that the trial court abused its discretion by dismissing his claim as frivolous inmate litigation. We reverse and remand.

## BACKGROUND

Appellant is a Texas Department of Criminal Justice ("TDCJ") inmate currently incarcerated at a facility in Fort Stockton. He filed a Texas Theft Liability Act[1] suit against Matthew Rosales, a prison official, after certain personal property items allegedly disappeared while Rosales helped Appellant move from one cell to another. After confronting Rosales, who

---

[1] TEX.CIV.PRAC. & REM.CODE ANN. §§ 134.001–134.005 (West 2011 & Supp. 2013).

denied any knowledge of the missing property, Appellant initiated the administrative process by filing a Step One grievance claim listing the property he claimed he was missing.[2] Prison officials found that Rosales packed the property and returned it to Appellant, but failed to properly inventory the items, and subsequently offered two respective settlements of $20.00 and $60.13 in commissary goods, which Appellant rejected. Prison administrators informed him they would take no further action on his grievance. He subsequently filed a Step Two review of his original grievance, and prison officials determined that his grievance was without merit, since he had previously been offered reasonable settlements.

Appellant filed suit and sought to proceed in *forma pauperis*.[3] Rosales, through the Attorney General's Office, subsequently filed a motion to dismiss listing the wrong defendant in the caption. The trial court granted an order dismissing Appellant's claim against Rosales, again listing the wrong defendant in the caption. Appellant filed a "motion for a new trial," arguing that the court erred by entering a dismissal in favor of a misidentified defendant whom Appellant had not sued. Rosales filed an amended motion for dismissal that was substantively identical to the previous motion but listed the correct defendant. The trial court entered an amended order dismissing Appellant's suit as frivolous under Chapter 14, denying all relief not expressly granted in the judgment. This appeal followed.

## DISCUSSION

Appellant contends the trial court abused its discretion in dismissing his suit because he

---

[2] "TDCJ's inmate grievance procedure is a two-step process outlined in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their confinement within the corrections system. . . . The Step 1 grievance must be filed within 15 days from the date of the alleged incident or occurrence. If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance." *Hill v. Reilly*, 343 S.W.3d 447, 450 (Tex.App.--El Paso 2010, pet. denied).

[3] There is no indication from the clerk's record that the trial court ever ruled on Appellant's request. Nevertheless, Chapter 14 applies because Appellant filed "an affidavit or unsworn declaration of inability to pay costs." *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.--Waco 1996, no writ).

properly stated a claim under the Texas Theft Liability Act. Rosales counters that dismissal without a fact hearing was proper because Appellant's claim as alleged was frivolous as a matter of law under Chapter 14.[4] We disagree.

### *Standard of Review*

Chapter 14 of the Civil Practice & Remedies Code establishes a set of procedures governing lawsuits filed by inmates wishing to litigate in forma pauperis. TEX.CIV.PRAC.& REM.CODE ANN. § 14.002(a)(West Supp. 2013). "The purpose of [C]hapter 14 is not to punish inmates for filing claims, but to aid the court in determining whether an inmate's claim is frivolous[,]" *McCullough v. Dretke*, 02-07-00294-CV, 2008 WL 4180365, at *2 (Tex.App.--Fort Worth 2008, no pet.)(mem. op.), so as to stem "the flood of frivolous lawsuits being filed in the courts of this State by prison inmates[.]" *Hickson*, 926 S.W.2d at 399. By statute, a court may dismiss an inmate suit at any time where (1) an inmate's allegation of poverty in an affidavit or unsworn statement is false, (2) "the claim is frivolous or malicious[,]"or (3) the inmate knowingly filed some other false affidavit or unsworn declaration in connection with the claim. TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a)(West 2002). A claim is frivolous or malicious where: (1) "the claim's realistic chance or ultimate success is slight;" (2) "the claim has no arguable basis in law or in fact;" (3) "it is clear that the party cannot prove facts in support of the claim;" or (4) "the claim is substantially similar to a previous claim filed by the inmate because

---

[4] Rosales also responds in the alternative that we should affirm the trial court because Appellant's allegation of poverty is false. The case he cites in support of his false poverty proposition, *McClain v. Terry*, 320 S.W.3d 394, 398 (Tex.App.--El Paso 2010, no pet.), involved a challenge to the trial court's order explicitly dismissing the inmate's complaint on false poverty grounds following a contest to his poverty affidavit. *See id.* at 396. Here, the court expressly dismissed this claim on frivolousness grounds, and Rosales cites no authority stating that where the trial court erroneously dismisses a claim as frivolous under Section 14.003(a)(2), we may still affirm the trial court's judgment on completely different grounds – i.e., where dismissal would have been proper under Sections 14.003(a)(1)(false allegation of poverty) or (a)(3)(other false statement). "[W]here a trial court dismisses a suit under Chapter 14 of the Civil Practice and Remedies Code and states its reasons in its order, this Court is limited to reviewing only its stated reasons." *Smith v. Tex. Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 338, 340 n.2 (Tex.App.--Texarkana 2000, pet. denied). Because the judgment here explicitly states that the claim was dismissed for frivolousness, the scope of our review is limited to that question only and we do not address the false poverty grounds.

the claim arises from the same operative facts." TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(b).

We ordinarily review a Chapter 14 dismissal for abuse of discretion. *Thomas v. Skinner*, 54 S.W.3d 845, 846 (Tex.App.--Corpus Christi 2001, pet. denied); *Hickson*, 926 S.W.2d at 398. Where the trial court dismisses the claim for frivolousness but does not specify on which ground its judgment rests, we may affirm under any applicable legal theory. *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex.App.--Waco 2010, no pet.). However, "[w]hen the trial court dismisses a claim [as frivolous] without conducting a fact hearing, we are limited to reviewing whether the claim had an arguable basis in law." *Brewer v. Simental*, 268 S.W.3d 763, 770 (Tex.App.--Waco 2008, no pet.)(where trial court "held no fact hearing on the defendant[']s[] motion to dismiss[,]" the trial court could not have dismissed claim for frivolousness on any basis other than because claim "had no arguable basis in law" under Section 14.003(b)(2)); *see also Scaife v. State*, 03-12-00324-CV, 2014 WL 1432537, at *2 (Tex.App.--Austin April 8, 2014, no pet. h.)(mem. op.); *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex.App.--Fort Worth 2010, no pet.); *In re Wilson*, 932 S.W.2d 263, 266 (Tex.App.--El Paso 1996, no writ). "Whether a claim has an arguable basis in law is a legal question to be reviewed de novo." *Burnett v. Sharp*, 328 S.W.3d 594, 600 (Tex.App.--Houston [14th Dist.] 2010, no pet.).

In assessing the pleadings, we take the inmate's allegations as true and review the *pro se* pleadings "by standards less stringent than those applied to formal pleadings drafted by lawyers" to determine "whether, as a matter of law, the petition stated a cause of action that would authorize relief." *Brewer*, 268 S.W.3d at 770. A claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations; or (2) an indisputably meritless legal theory. *See Nabelek v. Dist. Attorney of Harris County*, 290 S.W.3d 222, 228 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). An inmate's claim may not be dismissed merely

4

because the court considers the allegations "unlikely." *See Nabelek*, 290 S.W.3d at 228.

**Analysis**

Appellant's sole claim against Rosales is a theft cause of action. "A person who commits theft is liable for the damages resulting from the theft." TEX.CIV.PRAC.&REM.CODE ANN. § 134.003(a)(West 2011); *see also* TEX.CIV.PRAC.&REM.CODE ANN. § 134.002(2)(West Supp. 2013)(defining "theft" by incorporating portions of the Penal Code by reference). As is relevant here, a person commits theft when he appropriates property without the owner's effective consent and with the intent to deprive the owner of the property. TEX.PEN.CODE ANN. § 31.03(a), (b)(1)(West Supp. 2013).

Rosales contends that Appellant failed to properly allege lack of effective consent and lack of intent. Our review of the case law indicates that the Houston Fourteenth District Court of Appeals addressed a similar pleading sufficiency question in *Minix v. Gonzales*, 162 S.W.3d 635, 639 (Tex.App.--Houston [14th Dist.] 2005, no pet.). There, a *pro se* inmate alleged only that two prison officials removed a book from his cell without having the lawful authority to do so and refused to return the book or inventory it with the prison property official. *Id.* Following summary dismissal at the trial court level on frivolousness grounds, the Houston Court of Appeals reversed, holding that the inmate properly cited the Texas Theft Liability Act and stated a cause of action with an arguable basis in law for theft under the Act. *Id.*

Here, the facts are similar to *Minix*. Appellant correctly identified and cited the Texas Theft Liability Act and identified a specific and cognizable cause of action. *Id.*; *cf. Scaife*, 2014 WL 1432537, at *3-*4 (dismissal proper where inmate did not state claims against state officials but merely attempted to conduct discovery for upcoming collateral forfeiture suit). In his petition, Appellant stated that the property was taken without his effective consent, Rosales was

5

in possession of his property during the move, that Appellant denied giving Rosales permission to do anything with his property other than assist in moving it, that the property disappeared during the moving process, and that the property was not lawfully seized under prison regulations or otherwise inventoried.[5]

Although the trial court had no responsibility to hold a fact hearing in connection with a dismissal under Chapter 14, not doing so constrains this Court to reviewing only the narrow question of whether the inmate has alleged a cognizable cause of action. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex.App.--Houston [1st Dist.] 2006, no pet.). Construing Appellant's petition liberally, we find that he has sufficiently alleged a cause of action for theft under the Texas Theft Liability Act. *See Minix*, 162 S.W.3d at 639. We have no occasion to consider the ultimate merits of Appellant's suit or its likelihood of success at this time. *See Scott*, 209 S.W.3d at 266.

Rosales argues alternatively that even if Appellant correctly alleged a cause of action, his failure to strictly comply with TEX.CIV.PRAC.&REM.CODE ANN. 14.005(a)'s filing requirements would justify dismissal for frivolousness. *In re Martin*, 01-09-00505-CV, 2011 WL 1632162, at *3 (Tex.App.--Houston [1st Dist.] Apr. 28, 2011, no pet.)(mem. op.)(failure to comply with Chapter 14 procedural requirement grounds for dismissal). Specifically, Rosales points to the fact that Appellant failed to include the date his administrative grievances were filed and disposed of in his affidavit as required by statute. TEX.CIV.PRAC.&REM.CODE ANN. 14.005(a). We reject Rosales' contention that this omission is fatal. "Though Section 14.005 does not

---

[5] Rosales argues that Appellant's decision to possess personal property while incarcerated demonstrates his implied consent to its appropriation at any time and by any means, rendering him unable to bring a TTLA cause of action per se. In support of that position, Rosales directs our attention to TDCJ Administrative Directive 03.72, which states: "An offender who chooses to possess property while in the TDCJ thereby consents to TDCJ's rules and regulations regarding the acquisition, possession, storage, and disposition of said property." We do not read the plain text of this regulation as authorizing seizure at all times and under all circumstances. Further, Rosales' argument that inmates may not sustain TTLA actions because they give their effective consent per se runs contrary to *Minix*, in which the Houston Court of Appeals permitted an inmate to pursue TTLA claims against prison officials in their individual capacities. We find this argument meritless.

6

explicitly so provide, its obvious purpose is to allow the trial court to dismiss a suit when it becomes clear that the inmate has failed to provide the information the statute requires." *Smith*, 33 S.W.3d at 341. Appellant substantially complied with the formal requirements by referencing the date of the Step 2 decision in his original petition and attaching the Step 2 administrative form as an exhibit. *See Francis v. TDCJ-CID*, 188 S.W.3d 799, 804 (Tex.App.--Fort Worth 2006, no pet.)(trial court abused discretion in dismissing case when date information that should have been in affidavit per statute was apparent from appended grievance form). Rosales' counter-argument is without merit.

Appellant's sole issue is sustained. We reverse the trial court's dismissal and remand for further proceedings not inconsistent with this opinion.

June 20, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

7