Opinion issued March 21, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00031-CV

———————————

**ARTIS CHARLES HARRELL, Appellant**

**V.**

**BRANCH BRINSON, R. BURT BRINSON, BONNER BRINSON, S.P. DAIRY ASHFORD, LLC D/B/A SALON PARK, AND BRINSON MANAGEMENT CORP., Appellees**

On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2017-28390

## MEMORANDUM OPINION

Artis Charles Harrell is an indigent inmate serving a sentence on a conviction for aggravated robbery.[1] Before his arrest for that offense, Harrell had a dispute with his landlord over a workstation Harrell was leasing at Salon Park hair salon. Harrell believed that his landlord, along with affiliated individuals and entities, had wrongly terminated his lease, stolen his personal belongings, and engaged in other tortious and contractual wrongs. He sued some of those he accused of wrongdoing. After he began his prison sentence, Harrell's claims against two of the defendants were dismissed for want of prosecution, and his claims against a third defendant were defeated on summary judgment.

Eight years later, in 2014, Harrell sued a subset of the same group of defendants. His claims were resolved against him on limitations grounds.[2]

Harrell now brings this third suit against the earlier-named defendants plus two new defendants, arguing that they fraudulently concealed information from him in the earlier suit that would have enabled him to timely serve various defendants and avoid dismissal for want of prosecution. Because his claim has no basis in law, we affirm the dismissal of Harrell's third suit under Chapter 14 of the

---

[1]     *See Harrell v. State*, No. 14-05-00753-CR, 2006 WL 1140418, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication).

[2]     *Harrell v. S.P. Dairy Ashford*, No. 01-15-00865-CV, 2017 WL 1149683, at \*2 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op.).

Civil Practice and Remedies Code, which permits dismissal of an indigent inmate's suit that is frivolous or malicious.[3]

## Background

About 15 years ago, Artis Charles Harrell was leasing a workstation at Salon Park hair salon. He accused his landlord of wrongfully terminating his lease and seizing his personal property. During the on-going dispute with the landlord, Harrell became the subject of a robbery investigation and was ultimately charged with and convicted of aggravated robbery. *See Harrell v. State*, No. 14-05-00753-CR, 2006 WL 1140418, at *1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2006, pet. ref'd) (mem. op., not designated for publication). During his time in prison, Harrell has filed several suits against entities and individuals related to his 2003 landlord dispute.

### A. Harrell's first two suits

In 2006, Harrell sued Branch Brinson and two related entities, S.P. Dairy Ashford d/b/a Salon Park (Salon Park) and Brinson Management Corporation (BMC), for claims arising out of his contract to lease the Salon Park workstation. *See Harrell v. S.P. Dairy Ashford*, No. 01-15-00865-CV, 2017 WL 1149683, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op.). Brinson was granted summary judgment on Harrell's claims. *Id.* The two corporate defendants

---

[3] *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a)(2).

were dismissed for want of prosecution. *Id.* A panel of this Court dismissed Harrell's appeal because Harrell failed to pay the required fees or establish indigence for purposes of appellate costs. *Id.* Harrell pursued various writs of mandamus and a restricted appeal, all of which were dismissed or denied no later than 2013. *Id.*

The next year, in 2014, Harrell filed a second lawsuit against Salon Park and BMC based on the same allegations as his 2006 suit. *Id.* He alleged that Salon Park wrongly terminated his 2003 workstation lease, and he asserted claims for breach of contract, conversion, tortious interference, and exemplary damages. *Id.* Salon Park and BMC moved for summary judgment on the affirmative defense of limitations, arguing that Harrell's four-year and two-year claims had expired long before his 2013 petition's filing date. *Id.* at *1–2. The trial court granted their motion, Harrell appealed, and a panel of this Court affirmed, rejecting Harrell's argument that his claims could relate back to the filing date of his dismissed 2006 suit as well as his arguments for application of the discovery rule and equitable tolling principles. *Id.* at *2. In resolving Harrell's appeal, this Court affirmed the trial court's ruling that Harrell's claims arising out of the alleged breach of the Salon Park lease agreement are barred by limitations. *See id.* at *2–3.

**B. This third suit**

In 2017, Harrell again sued Salon Park, BMC, and Branch Brinson, as well as two Brinson relatives, for breach of contract, conversion, trespass, fraud, conspiracy to commit fraud, and tortious interference with an existing contract. Harrell filed his petition under the procedures outlined in Chapter 14 of the Civil Practice and Remedies Code for indigent inmates. Consistent with those statutory requirements, Harrell listed his earlier litigation against some of these same defendants. *See* TEX. CIV. PRAC. & REM. CODE § 14.004(a) (requiring indigent inmates to file affidavit or unsworn declaration identifying each pro se action previously brought and describing the parties, operative facts, and outcome of each).

Salon Park, BMC, and Branch Brinson (collectively, Salon Park) moved to dismiss Harrell's 2017 claims as frivolous or malicious. *See id.* § 14.003(a)(2) (permitting dismissal of frivolous or malicious indigent inmate claims). While the dismissal motion was pending, Harrell twice amended his petition and, in doing so, dropped all claims except fraud and conspiracy to commit fraud. Specifically, Harrell pleaded that the defendants had fraudulently concealed the identity of the parties that could accept service in the earlier litigation.

The trial court found Harrell's claims to be frivolous and malicious, granted Salon Park's dismissal motion, and dismissed Harrell's claims with prejudice. Harrell's motion for new trial was denied by operation of law. He appeals.

## Chapter 14 Dismissal of Inmate Litigation

Harrell contends that the trial court erred in dismissing his claims. Before addressing Harrell's arguments, we consider the applicable law and standard for reviewing a judgment to dismiss an indigent inmate's claims.

## A.    Criteria for dismissal under Chapter 14 and standard of review

Chapter 14 addresses the dismissal of indigent inmates' claims. TEX. CIV. PRAC. & REM. CODE § 14.002 (scope of chapter). A district court may dismiss an inmate's claims, before or after service of process, if the inmate has filed an unsworn declaration of indigency and the court finds, among other options, that the inmate's claims are "frivolous or malicious." *Id.* § 14.003(a)(2). The statute lists four grounds on which a trial court may conclude that an inmate's claims are frivolous or malicious:

(1)    the claim's realistic chance of ultimate success is slight;

(2)    the claim has no arguable basis in law or in fact;

(3)    it is clear that the party cannot prove facts in support of the claim; or

(4)    the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

*Id.* § 14.003(b). Salon Park relies on the second and fourth grounds.

6

We ordinarily review a trial court's decision to dismiss a claim on the grounds of frivolousness for an abuse of discretion. *Thompson v. Tex. Dep't of Crim. Justice–Inst. Div.*, 33 S.W.3d 412, 414 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). But when dismissal is based on there being no arguable basis in law for the asserted claim, we review that determination de novo. *Scott v. Gallagher*, 209 S.W.3d 262, 266 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Camacho v. Rosales*, 511 S.W.3d 82, 86 (Tex. App.—El Paso 2014, no pet.). When a trial court dismisses an inmate's claims without specifying on which ground its judgment rests, an appellate court may affirm under any applicable legal theory. *Camacho*, 511 S.W.3d at 85–86.

## B. Harrell's contention that the trial court could not grant a mooted dismissal motion

Within his first issue, Harrell argues that Salon Park's Chapter 14 dismissal motion was filed before he amended his petition and that his later amendment mooted the pending motion. He contends that the trial court lacked authority to grant Salon Park's motion to dismiss because it had been mooted. We disagree.

A trial court has discretion to dismiss an indigent inmate's claims sua sponte under Chapter 14, regardless of the status of any action taken by the defendant in seeking dismissal. *See Gross v. Carroll*, 339 S.W.3d 718, 722 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (affirming trial court's sua sponte authority to dismiss under Chapter 14). A pending motion to dismiss is not a prerequisite for a

7

trial court's dismissal of an indigent inmate's claims as frivolous. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(a) (permitting dismissal even before defendant is served process or has opportunity to move for dismissal). As such, there is no requirement under Chapter 14 that a movant's pending dismissal motion be sufficiently tied to the live pleading to authorize dismissal. And, as a result, any argument that a movant's dismissal motion was moot is irrelevant to the trial court's authority to dismiss under Chapter 14.

**C.      Harrell's contention that the trial court erred in dismissing his claims**

The remainder of Harrell's first issue argues that the trial court abused its discretion in dismissing Harrell's claims because none of the Section 14.003 bases for determining that his claims were frivolous or malicious were met. Specifically, he argues that his claims were not substantially similar to those pleaded in his earlier litigation, the trial court did not hold an evidentiary hearing to determine whether his claims had any basis in fact, and his claims have a basis in law. We conclude that Harrell's pleaded claims have no basis in law and, therefore, were properly dismissed.

In both the 2006 and the 2014 suits, Harrell sued Salon Park and BMC for claims arising out of the terminated Salon Park lease. *See Harrell*, 2017 WL 1149683, at *1. In the 2014 suit, Salon Park and BMC moved for summary judgment on the affirmative defense of limitations, which was granted. *Id.* at *2.

During the appeal of that judgment, Harrell "conceded his claims accrued more than ten years" earlier but argued that the statutes of limitations were tolled under a relation-back theory, the discovery rule, or equitable tolling. *Id.* at \*2–3. This Court rejected all three arguments and affirmed dismissal of Harrell's time-barred claims. *Id.*

Harrell initiated this round of litigation in April 2017 when he filed his original petition, asserting multiple causes of action, including breach of contract, conversion, trespass, and fraud. Within a couple months, Harrell amended his petition to delete all causes of action except fraud and conspiracy to commit fraud. Specifically, he based his fraud claim as an allegation that, during his earlier suits against these defendants, the defendants had "fraudulently concealed the identity of the person who may accept service of process" on behalf of Salon Park and BMC "until the statute of limitations had" run on Harrell's claim against the defendants. In other words, in this 2017 suit, Harrell attempts to raise a counter-defense to an earlier dismissal on limitations grounds, which has already been affirmed on appeal.

Fraudulent concealment is a counter-defense to the affirmative defense of limitations. *See KPMG Peat Markwick v. Harrison Cty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999); *United Healthcare Servs., Inc. v. First St. Hosp. LP*, No. 01-17-00237-CV, 2018 WL 6215960, at \*13–14 (Tex. App.—Houston [1st

Dist.] Nov. 29, 2018, pet. filed). A party asserting fraudulent concealment has the burden to raise a fact issue on each element of its counter-defense. *KPMG*, 988 S.W.2d at 749; *United Healthcare*, 2018 WL 6215960, at *14.

In the earlier litigation, Salon Park and BMC moved for summary judgment on limitations, but Harrell did not argue fraudulent concealment in response. Instead, he relied on the discovery rule and other equitable tolling theories. This Court considered the defenses Harrell raised, rejected them, and affirmed dismissal of Harrell's claim on limitations grounds. *See Harrell*, 2017 WL 1149683, at *3.

The appropriate time for Harrell to have argued fraudulent concealment was in response to the limitations defense raised by Salon Park and BMC in the earlier litigation. There is no basis in law to argue for tolling limitations after a judgment dismissing claims as untimely has been affirmed; neither is there any basis in law to raise this counter-defense as an independent cause of action. *See Tex. Dep't of Protective & Regulatory Servs. v. Lynn*, No. 03-04-00635-CV, 2005 WL 1991809, at *7 n.16 (Tex. App.—Austin Aug. 16, 2005, pet. denied) (mem. op.) (stating that fraudulent concealment must be pleaded and argued in response if opposing party raised limitations as defense; for example, in party's response to limitations-based summary-judgment motion); *Advent Trust Co. v. Hyder*, 12 S.W.3d 534, 542 (Tex. App.—San Antonio Nov. 30, 1999, pet. denied) (stating that party seeking to avoid limitations has burden to plead and secure findings on issue and holding that party

waived fraudulent-concealment issue by failing to properly raise it in trial court). There is no basis in law for Harrell's fraud-based claims. *See Mayes v. Stewart*, 11 S.W.3d 440, 452 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating that fraudulent concealment is affirmative defense to statute of limitations, not independent cause of action). We overrule Harrell's first issue.[4]

## D. Harrell's contention that the trial court erred by dismissing with prejudice

In his second issue, Harrell contends that the trial court erred by dismissing his suit with prejudice to refiling.

A dismissal with prejudice constitutes an adjudication on the merits and operates as though the case has been fully tried and decided. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999). An order dismissing a case with prejudice has full res judicata and collateral estoppel effect and bars subsequent relitigation of the same causes of action or issues between the same parties. *See Nabelek v. District Att'y of Harris Cty.*, 290 S.W.3d 222, 233 (Tex. App.— Houston [14th Dist.] 2005, pet. denied). A dismissal with prejudice is improper if the dismissed pleading's deficiencies could be remedied through repleading. *See*

---

[4] Because Harrell's suit was properly dismissed as having no basis in law under Section 14.003(b)(2), we need not address whether his claims were also subject to dismissal under other Section 14.003(b) subsections, including Subsection (4) for claims that are substantially similar to an inmate's previously filed claim. *See* TEX. CIV. PRAC. & REM. CODE § 14.003(b) (enumerating alternative bases for determining that indigent inmate's claims are subject to dismissal as frivolous or malicious).

*id.* On the other hand, dismissal with prejudice is proper if the error resulting in the dismissal of an inmate's claims cannot be remedied. *See id.*

The trial court did not err in dismissing Harrell's claims with prejudice because the failure to establish an arguable basis in law for asserting a counter-defense to an already successfully adjudicated limitations defense cannot be remedied through pleading amendment. *See id.*; *see also Harris v. Bell-Gray*, No. 01-15-00686-CV, 2016 WL 3162315, at *4 (Tex. App.—Houston [1st Dist.] June 2, 2016, pet. denied) (mem. op.) (affirming dismissal with prejudice because claim had no arguable basis in law and deficiency was not remediable).

We overrule Harrell's second issue.

## Conclusion

Because fraudulent concealment must be raised as a counter-defense to a defense of limitations and cannot support an independent cause of action after a judgment on limitations has issued, we affirm the dismissal of this indigent inmate's claims, in which he sought to perpetuate litigation against a landlord and related entities and individuals for events that occurred 15 years earlier.


Sarah Beth Landau
Justice

Panel consists of Justices Keyes, Higley, and Landau.