

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CURTIS LEE SHEPPARD, JR., | § | |
| Appellant, | § | No. 08-19-00106-CV |
| v. | § | Appeal from the |
| WICHITA COUNTY DISTRICT ATTORNEY'S OFFICE, WICHITA | § | 98th District Court of |
| COUNTY DISTRICT CLERK'S OFFICE, 78TH DISTRICT COURT OF WICHITA | § | Travis County, Texas |
| COUNTY, and ALL POLITICAL SUBDIVISIONS OF THE STATE OF | § | (TC# D-1-GN-16-004721) |
| TEXAS, | § | |
| Appellees. | | |

**O P I N I O N**

Curtis Lee Sheppard, Jr., a *pro se* inmate, appeals from an order dismissing his lawsuit against Appellees Wichita County District Attorney's Office, Wichita County District Clerk's Office, 78th District Court of Wichita County, and Judge Barney Fudge (Judge of the 78th District Court). The trial court dismissed that lawsuit as frivolous pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code ("Chapter 14") and for lack of jurisdiction. We affirm.[1]

---

[1] This case was transferred from the Third Court of Appeals, our sister court in Austin, and we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

**BACKGROUND**

Sheppard was convicted in 2010 of possession of a controlled substance (1–4 grams), enhanced by prior convictions, and was sentenced to 50 years' imprisonment. *Sheppard v. State*, No. 05-11-00852-CR, 2011 WL 6228341, at *2 (Tex. App.—Dallas Dec. 14, 2011, pet. ref'd) (not designated for publication). That felony conviction was affirmed on appeal by the Dallas Court of Appeals. *Id.*, at *6.

Sheppard subsequently filed numerous *pro se* legal actions attempting to overturn his conviction. *See Sheppard v. State*, No. 02-12-00320-CR, 2012 WL 4121221, at *1 (Tex. App.—Fort Worth Sept. 20, 2012, no pet.) (mem. op.) (not designated for publication) (dismissed for lack of jurisdiction); *In re Sheppard*, No. 02-12-00423-CV, 2012 WL 5258707, at *1 (Tex. App.—Fort Worth Oct. 25, 2012, orig. proceeding) (mem. op.) (denying petition for writ of mandamus); *In re Sheppard*, No. 02-13-00011-CV, 2013 WL 135749, at *1 (Tex. App.—Fort Worth Jan. 11, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus for lack of jurisdiction); *In re Sheppard*, No. 05-13-00415-CV, 2013 WL 1688360, at *1 (Tex. App.—Dallas Apr. 18, 2013, orig. proceeding) (mem. op.) (dismissing petition for writ of habeas corpus for lack of jurisdiction); *Sheppard v. State*, No. 02-12-00234-CR, 2013 WL 3488264, at *1 (Tex. App.—Fort Worth July 11, 2013, pet. ref'd) (mem. op.) (not designated for publication) (affirming denial of Chapter 64 motions for forensic DNA testing); *Sheppard v. State*, No. 02-14-00079-CR, 2014 WL 2047924, at *1 (Tex. App.—Fort Worth May 8, 2014, pet. ref'd) (mem. op.) (not designated for publication) (dismissing appeal for lack of jurisdiction); *In re Sheppard*, No. 02-17-00141-CV, 2017 WL 2351094, at *1 (Tex. App.—Fort Worth May 5, 2017, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus for lack of jurisdiction).

The Texas Court of Criminal Appeals eventually barred Sheppard from filing further challenges in that court finding the pattern of conduct showed an abuse of the writ of habeas corpus:

> This Court's records reflect that Applicant has filed many prior applications pertaining to this conviction. It is obvious from the record that Applicant continues to raise issues that have been presented and rejected in previous applications or that should have been presented in previous applications. The writ of habeas corpus is not to be lightly or easily abused. *Sanders v. U.S.*, 373 U.S. 1 (1963); *Ex parte Carr*, 511 S.W.2d 523 (Tex. Crim. App. 1974). Because of his repetitive claims, we hold that Applicant's claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ.

*Ex parte Sheppard*, No. WR-19,359-24, 2019 WL 2363145, at *1 (Tex. Crim. App. June 5, 2019), *cert. denied sub nom. Sheppard v. Texas*, 140 S. Ct. 441 (2019); *see Sheppard v. Davis*, No. 7:18-CV-178-O-BP, 2019 WL 764477, at *1 (N.D. Tex. Feb. 20, 2019) (dismissing suit as barred by Fifth Circuit sanctions order for repeatedly filing frivolous pleadings challenging his conviction).

In September 2016, amid this flurry of legal actions, Sheppard filed the present lawsuit against Appellees. While Sheppard frames the suit as one for declaratory and injunctive relief, the crux of the suit is a challenge to his 2010 conviction[2] and the relief he ultimately requests is that that conviction be "reverse[d] and dismiss[ed]."

Appellees filed pleas to the jurisdiction and motions to dismiss Sheppard's suit pursuant to Chapter 14. The trial court conducted a telephonic hearing, at which Sheppard appeared and argued that "ain't nothing I filed was frivolous. Everything I filed was—had meritorious challenges to this conviction." The trial court informed Sheppard that it was not the right court in which to challenge his conviction; and, thus, it granted the pleas to the jurisdiction and motions to dismiss. The

---

[2] Sheppard's primary complaint appears to be that the State used an improper enhancement charge in the punishment phase of his 2010 trial.

3

following day, the court signed an order dismissing the lawsuit as having no arguable basis in law and for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2). Sheppard appealed to the Third Court of Appeals. Thereafter, the Texas Supreme Court transferred the appeal to this Court.

## DISCUSSION

Sheppard raises various arguments challenging his prior criminal conviction and sentence, as he did in his petition in the court below. The issue before this Court is whether the trial court properly dismissed those claims as frivolous.

### A. Dismissal under Chapter 14

Chapter 14 of the Texas Civil Practice and Remedies Code governs litigation brought by an inmate who files an affidavit or unsworn declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). Because Sheppard filed such an affidavit, his lawsuit is subject to Chapter 14.

Section 14.003 of Chapter 14 provides that a court may dismiss a claim if it finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2). In making that determination, the court may consider whether the claim has no arguable basis in law or in fact. *Id.* at § 14.003(b)(2). "A claim has no arguable basis in law only if it is based on (1) wholly incredible or irrational factual allegations; or (2) an indisputably meritless legal theory." *Camacho v. Rosales*, 511 S.W.3d 82, 86 (Tex. App.—El Paso 2014, no pet.). In making this assessment, we take the inmate's allegations as true and review his *pro se* pleadings "by standards less stringent than those applied to formal pleadings drafted by lawyers . . . ." *Id.* Whether a claim lacks an arguable basis in law presents a legal question which we review *de novo*. *Id.* at 85.

4

**B. Sheppard's challenge to his prior felony conviction and sentence**

The Court of Criminal Appeals is "the only court with jurisdiction in final post-conviction felony proceedings." *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). And the procedure set out in Code of Criminal Procedure article 11.07 is "the exclusive State felony post-conviction judicial remedy available in Texas." *Ex parte Adams*, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989) (citing *Ex parte Brown*, 662 S.W.2d 3 (Tex. Crim. App. 1983)); *see Luttrell v. El Paso Cty.*, 555 S.W.3d 812, 831 (Tex. App.—El Paso 2018, no pet.); TEX. CODE CRIM. PROC. ANN. art. 11.07. "In such cases, a convicted defendant is not permitted to seek equitable, injunctive relief as a 'post-conviction remedy.'" *Luttrell*, 555 S.W.3d at 831. A collateral attack on the procedures or results of a prior criminal trial are not proper matters to be litigated in a civil proceeding. *Kennedy v. Staples*, 336 S.W.3d 745, 753 (Tex. App.—Texarkana 2011, no pet.).

It is apparent from Sheppard's pleadings in the trial court and his briefing in this Court that the purpose of his lawsuit is to challenge, and ultimately overturn, his 2010 felony conviction and sentence. For example, Sheppard alleges in his petition that his indictment and conviction are void and that an improper enhancement charge was used in his sentencing. The relief he seeks is reversal and dismissal of his conviction. In his response to the motions to dismiss, he complains of "illegal restraint/void indictment/void sentence/and/no subject matter jurisdiction" in relation to his prior conviction and sentence. In objecting to the motions to dismiss, he similarly complains of "illegal sentence/illegal restraint/void indictments." And in his brief on appeal, he asserts that his conviction was the product of corruption and treason.

We conclude that Sheppard's challenge to his felony conviction and sentence, as raised in

this civil proceeding, lacks any arguable basis in law as the trial court has no power or authority to hear it. *See Ater*, 802 S.W.2d at 243; *Ex parte Adams*, 768 S.W.2d at 287. The trial court did not err by dismissing his lawsuit as frivolous.

## CONCLUSION

The order of dismissal is affirmed.


GINA M. PALAFOX, Justice

January 6, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

6