

**NUMBER 13-21-00002-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**DANIEL AIELLO, TDCJ # 2176225,**                    **Appellant,**

**v.**

**BRIAN COLLIER, ET AL.,**                           **Appellees.**

---

**On appeal from the 36th District Court
of Bee County, Texas.**

---

**MEMORANDUM OPINION**

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

At all times relevant to this case, appellant Daniel Aiello, was an inmate incarcerated in the McConnell Unit of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ) in Beeville, Texas, and he appeals from the trial court's judgment dismissing as frivolous his suit against appellees Brian Collier, Donna

Bell, Johnny Armstrong, and R. Samaniego, employees of the TDCJ. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014.

In three issues, which we construe as one, Aiello argues that the trial court erred by "misinterpret[ing]" and "ignor[ing]" § 501.099 of the Texas Government Code, and this error has resulted: (a) in TDCJ failing to transfer him to a Colorado prison to allow him to be located closer to his family or place of residence, as he contends is permitted under Article 42 of the Texas Code of Criminal Procedure (the Interstate Corrections Compact); and (b) the denial of protected and guaranteed rights under the United States Constitution and Texas state laws. *See* U.S. CONST. amends. I, VIII, XIV; TEX. GOV'T CODE ANN. § 501.099; TEX. CODE CRIM. PROC. ANN. art. 42.19.[1] We affirm.[2]

## I. BACKGROUND

Aiello filed this action pro se and *in forma pauperis* under Texas Civil Practice and Remedies Code Chapter 14. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. In his petition filed on August 31, 2020, he alleged that his visitation rights were unreasonably restricted by TDCJ. He contends TDCJ's alleged actions contravene the Due Process Clause of the Fourteenth Amendment and implicate the Eighth and First Amendments. *See* U.S. CONST. amends. I, VIII, XIV. He requested to be transferred to

---

[1] Aiello refers to § 501.099 of the Texas Code of Criminal Procedure in his briefing. However, that section does not exist under the Texas Code of Criminal Procedure. Given that Aiello included the text of the statute in his pleading and a portion in his briefing, we have determined that he is referring to § 501.099 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 501.099 (titled "Family Unity and Participation").

[2] Accordingly, we dismiss as moot all pending motions, including the enumerated motion filed on February 11, 2021, which we previously carried with the case.

2

his state of residence, Colorado, to enable him to have visits and emotional support. He further sought injunctive relief compelling appellees to comply with § 501.099 of the Texas Government Code and Article 42.19 of the Texas Code of Criminal Procedure. *See* TEX. GOV'T CODE ANN. § 501.099 (directing TDCJ to "adopt and implement policies that encourage family unity while an offender is confined"); TEX. CODE CRIM. PROC. ANN. art. 42.19. He alleged that he has been illegally denied this transfer since October of 2019.[3]

Included as attachments to his pleading were correspondence Aiello purportedly sent to Collier, Bell, and Armstrong in an attempt to resolve his issue without court intervention. Additionally, he included a Step 1 Offender Grievance Form dated July 8, 2020. The Step 1 grievance contained a written response from TDCJ, which also reflected a return to offender date of July 24, 2020.

The Texas Office of the Attorney General (OAG) filed an amicus curiae advisory urging the trial court to dismiss Aiello's suit. The OAG contended that Aiello's suit did not comply with the procedural and substantive requirements of Chapter 14. Procedurally, the OAG contended that Aiello failed to include all previous filings in his affidavit or to provide adequate proof of exhaustion. *See* TEX. CIV. PRAC. & REM. CODE ANN.

---

[3] We note that Aiello filed a "Motion to Amend and Supplemental [sic] Pleadings" in which he attempted to clarify his claims, requested removal of "Defendant Johnny Armstrong and Defendant R. Samaniego," and asked to "strike all other claims filed in [his] previous petition [that were not clarified]." However, the record does not contain a ruling on the motion and the trial court did not have to permit Aiello to amend his pleading before dismissal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) ("A court may dismiss a claim, either before or after service of process, if the court finds that . . . the claim is frivolous. . . ."); *see also Conely v. Tex. Bd. of Crim. Just.*, No. 13-07-00395-CV, 2008 WL 2764567, at *4 (Tex. App.—Corpus Christi–Edinburg July 17, 2008, no pet.) (mem. op.) ("We find no provision in chapter 14 that requires that an inmate be given an opportunity to amend his pleadings before dismissal, either upon request or sua sponte by the trial court.").

§§ 14.004(a), 14.005. Additionally, the OAG contended that Aiello failed to state a valid claim for relief because: (1) there is no recognized private cause of action for violations of civil rights under the Texas Constitution or the Texas Code of Criminal Procedure; (2) his claims are barred by sovereign immunity; (3) his claims are barred by the Texas Tort Claims Act; (4) he cannot establish a violation of a federally protected right under the Interstate Corrections Compact; (5) his claims are barred by official immunity; (6) his claims are barred by Eleventh Amendment immunity; and (7) his claims are barred by qualified immunity. See *id.* §§ 101.021, 101.106(f), TEX. GOV'T CODE ANN. § 501.099; TEX. CODE CRIM. PROC. ANN. art. 42.19.

Aiello later filed an "Affidavit for Step 1 and Step 2 Grievances" in which he referenced a Step 1 being answered "on or about 09/30/20," and in which he stated that "[he had] never received a written extension, an answer for the [S]tep 2 and neither [S]tep 1 or 2 returned to the plaintiff." He also stated in the affidavit that "[a] [S]tep 2 grievance was filed on 10/1/20." Included with the affidavit was another Step 1 Offender Grievance Form, dated September 14, 2020, and a Step 2 Offender Grievance Form, dated October 1, 2020, both pertaining to the same subject matter as Aiello originally grieved on July 8. Neither of these grievance forms are accompanied by responses from TDCJ.

Without holding a hearing, on December 7, 2020, the trial court signed an order dismissing Aiello's suit with prejudice as frivolous and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code. Aiello now appeals.

## II.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Before we address Aiello's argument, we must determine whether, as the OAG asserts, Aiello has failed to exhaust his administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a); *see also Evans v. Tiffin*, No. 13-09-00455-CV, 2010 WL 3279500, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2010, pet. denied) (mem. op.).

### A.    Standard of Review and Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code governs inmate litigation where an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. When, as here, a trial court dismisses a claim as frivolous without a hearing, the issue on appeal is limited to whether the claim had no arguable basis in law. *See* S*mith v. Tex. Dep't of Crim. Just.– Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied); *see also Catland v. Blackwell*, No. 13-16-00567-CV, 2017 WL 3725725, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 30, 2017, no pet.) (mem. op.). This is a legal issue that we review de novo. *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

A claim does not have an arguable basis in law if the inmate failed to exhaust his administrative remedies. *See Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.— Fort Worth 2009, pet. denied). Section 501.008 of the Texas Government Code precludes an inmate from filing a claim until he has exhausted his remedies through the grievance

system. *See* TEX. GOV'T CODE ANN. § 501.008(a) ("[A] remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against [TDCJ] that arises while the inmate is housed in a facility operated by [TDCJ] or under contract with [TDCJ]."); *see also Evans*, 2010 WL 3279500, at *2. If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a dismissal motion. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *see also Nelson v. Davis*, No. 13-19-00122-CV, 2020 WL 2213965, at *2 (Tex. App.—Corpus Christi–Edinburg May 7, 2020, no pet.) (mem. op.).

## B. Analysis

Here, Aiello failed to exhaust his administrative remedies because the record does not contain a written decision by the highest authority provided for in the grievance system nor an affidavit stating when he received such written decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.005(a)(1) (requiring inmate to file with the court "[a]n affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by [§] 501.008(d) [of the Texas] Government Code, was received by the inmate"); (a)(2) (requiring inmate to file with the court "a copy of the written decision from the grievance system"); TEX. GOV'T CODE ANN. § 501.008(d)(1) ("An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until . . . the inmate receives a written decision issued by the highest authority provided for in the grievance system[.]"); *Camacho v. Rosales*, 511 S.W.3d 82, 87, n.2 (Tex. App.—El Paso 2014, no pet.)

6

("TDCJ's inmate grievance procedure is a two-step process . . . . If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance."); *see also Nelson*, 2020 WL 2213965, at *2 (concluding that inmate "did not exhaust all the administrative remedies and has not presented an appeal with an arguable basis in the law" after reasoning that inmate's Step 2 grievance, from which his appeal was taken, was returned as untimely filed and inmate's appeal "[d]oes not contain a 'written decision' by the highest authority in the grievance system").

Instead, the record shows that Aiello completed a Step 1 grievance on July 8, and he received a written response on July 24. He then later completed another Step 1 grievance dated September 14, followed by a Step 2 grievance dated October 1, but neither the September 14 nor the October 1 grievance, as they appear in the record, contain a written response from TDCJ. Additionally, while Aiello's "Affidavit for Step 1 and Step 2 Grievances" refers to an answer received on or about September 30 on a Step 1 grievance, it also states that "[n]either [the] Step 1 or 2 [were] returned to [him][,]" which, at a minimum, undermines his statement that he received a response, as the response would be on the grievance form. Further, while the "Affidavit for Step 1 and Step 2 Grievances" mentions a Step 2 grievance, it only mentions that it was "[f]iled on 10/1/20," as opposed to Aiello receiving a response from TDCJ to his filing.[4]

---

[4] We also observe that Aiello filed an "Affidavit for Grievances" purportedly executed on December 3, 2020 but filed on December 21, 2020, after the dismissal. Nonetheless, even if we considered this affidavit as timely, it also does not contain a written decision by the highest authority in the grievance system. Instead, it references, in pertinent part, the Step 1 completed on July 8, including part of TDCJ's decision, and states that he sent "[a] step 1 grievance with an ambiguous response[,] a step 2 grievance unanswered by [TDCJ] . . . violating [their] policy by not replying by certain required date. Sent to [trial court] in . . . Oct[ober] 2020." As referenced in this memorandum opinion, the record contains only three offender

7

Accordingly, because Aiello failed to exhaust his administrative remedies, his suit lacks an arguable basis in law, and the trial court did not err in dismissing his suit as frivolous.[5] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003; *see also Leachman v. Dretke*, 261 S.W.3d 297, 311–12 (Tex. App.—Fort Worth 2008, no pet.); *see also Nelson*, 2020 WL 2213965, at *2.

Moreover, because Aiello did not timely proceed with the second step of the grievance process triggered on July 24, the defect in his pleading cannot be remedied by re-pleading. *See Camacho,* 511 S.W.3d at 87, n.2 ("If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance."). Therefore, the trial court did not err in dismissing his suit "with prejudice." *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) ("In general, a dismissal with prejudice is improper when

grievance forms—the Step 1 completed on July 8, the Step 1 completed on September 14, and the Step 2 completed on October 1—and none of these three forms contain a written decision by the highest authority provided for in the grievance system.

[5] While we observe that Aiello's Step 1 grievance dated September 14 and his Step 2 grievance dated October 1 do not contain "written decisions" from the highest authority in the grievance system, implying that the two-step grievance procedure is incomplete and a stay warranted to allow time for completion, a stay is not necessary here because it would be futile. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c). Specifically, Aiello's Step 1 grievance dated September 14 is substantially similar to his original Step 1 grievance completed on July 8, and he already received a written response to his original Step 1 grievance on July 24. *See generally McCullough v. Tex. Dep't of Crim. Just.-Inst. Div.*, No. 2-07-072-CV, 2008 WL 704419, at *1 (Tex. App.—Fort Worth Mar. 13, 2008, no pet.) (mem. op.) (stating in the background of the memorandum opinion that "[w]hen the prison officials failed to return McCullough's wedding band and his eyeglasses, he pursued administrative remedies by filing grievances on June 2 and June 7, 2004, which were returned to him unprocessed because the issue had 'already [been] grieved'"). Nevertheless, even if we construed his Step 1 grievance filed on September 14 as a Step 2 grievance, it would be untimely, and thus would lack a written decision by the highest authority in the grievance system. *See Camacho v. Rosales*, 511 S.W.3d 82, 87, n.2 (Tex. App.—El Paso 2014, no pet.) ("If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance."); *see also Nelson, v. Davis*, No. 13-19-00122-CV, 2020 WL 2213965, at *2 (Tex. App.—Corpus Christi–Edinburg May 7, 2020, no pet.) (mem. op.) (explaining that inmate's Step 2 grievance was returned as untimely and concluding that he did not exhaust his administrative remedies because his appeal "does not contain a 'written decision' by the highest authority in the grievance system").

the plaintiff is capable of remedying the jurisdictional defect."); *Leachman*, 261 S.W.3d at 302, 311–12 ("[A]lthough a dismissal with prejudice is improper if the error can be remedied, because [inmate] failed to timely file his [Step 1] grievances as to [three TDCJ employees], his error as to these claims cannot be remedied; his fifteen-day deadline to file offender grievance forms on those claims has passed. Therefore, it was not an abuse of discretion for the trial court to dismiss these claims with prejudice."); *Hamilton*, 298 S.W.3d at 342 (explaining that because "[inmate] cannot remedy the error through a more specific pleading, the trial court did not abuse its discretion by dismissing [inmate's] privacy claim with prejudice under chapter fourteen[,]" where inmate failed to "[f]ollow through and reassert [a] claim [for violation of his constitutional right to privacy in his person] in the second step of the grievance process"); *Thomas v. Knight*, 52 S.W.3d 292, 295–96 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied) (sustaining inmate's first issue where inmate failed to state operative facts for which relief is sought in his affidavit of previous filings after explaining in pertinent part that "[i]f the error could be remedied, then a dismissal with prejudice is improper"); *see also Kelly v. Mendoza*, No. 13-11-00322-CV, 2012 WL 4038507, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 13, 2012, no pet.) (mem. op.) ("A trial court may dismiss a claim with prejudice under section 14.005

9

when the failure to exhaust administrative remedies cannot be corrected.").[6] We overrule

Aiello's issue.[7]

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed on the
28th day of April, 2022.

---

[6] In *Crain v. Prasifka*, this Court held that the dismissal of an inmate's suit under § 14.005 for the failure to exhaust administrative remedies should have been "without prejudice" because "[a] dismissal for failure to comply with the conditions in [§] 14.005 is not a dismissal on the merits, but rather an exercise of the trial court's discretion under [C]hapter 14." 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi–Edinburg 2003, pet. denied). However, after we decided *Crain*, the Texas Supreme Court clarified the law regarding this matter in *Peña v. McDowell*, 201 S.W.3d 665, 665–66 (Tex. 2006) (per curiam). In *Peña*, the trial court dismissed an inmate's suit with prejudice as "frivolous or malicious" because the inmate failed to comply with the § 14.004 filing requirements—specifically, for failing to list the operative facts of any suit previously filed pro se by the inmate. *See id.* The court of appeals affirmed the dismissal but reformed the judgment to read "without prejudice." *Id.* at 665. The Texas Supreme Court held that "[u]nder Texas law, [a dismissal for failure to comply with § 14.004] may be corrected through an amended pleading, so a dismissal with prejudice is not appropriate." *Id.* at 666; *see McLean v. Livingston*, 486 S.W.3d 561, 564 (Tex. 2016). Accordingly, we follow the relevant supreme court authority herein.

[7] Because we conclude that Aiello's claims have no arguable basis in law, we need not address the specific arguments he makes on appeal. *See* TEX. R. APP. P. 47.1.

10