Kelvin LOYD, Appellant,

v.

Keith SEIDEL, Sherri Talley, Claryce Williams, and Denise DeShields, Appellees.

No. 08–06–00114–CV.

Court of Appeals of Texas, El Paso.

March 27, 2008.

Kelvin Loyd, Fort Stockton, pro se.

Amanda C. Fields, Davis and Davis, P.C., Austin, for Appellees.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Chief Justice.

Kelvin Loyd appeals the dismissal of his claim for not pleading facts which would constitute a waiver of sovereign immunity, failure to comply with the filing requirements of an indigent inmate suit, failure to establish exhaustion of remedies under Section 501.008 of the Texas Government Code, and asserting a frivolous claim. We affirm.

Appellant was an inmate at the Lynaugh Unit of the Correctional Institutions Division of the Texas Department of Criminal Justice in Fort Stockton, Texas. Appellant received medical care for a hernia. After a period of inactivity, his condition was downgraded, and surgery was considered unnecessary. Then a second hernia was found during an examination for possible testicular cancer. As before, the hernias were treated with medication and

physical activity limitations. Appellant, however, wanted a different form of treatment, but his request was denied.

He filed an administrative grievance on January 13, 2005, which was denied. He appealed to the next level of review and that was denied on March 21, 2005. Appellant filed this suit, which he termed a "Medical Malpractice Claim" on November 21, 2005.

In this suit, he sought injunctive relief to require the defendants to schedule a surgical procedure to correct the hernias and a determination of entitlement to money damages for negligence and costs of the suit. The suit was dismissed on April 13, 2006. The trial court based the dismissal on the failure to plead facts which would, if true, constitute a waiver of sovereign immunity under the Texas Tort Claims Act, alleged a violation of his civil right, a matter not contemplated as a violation of the provisions of the Texas Tort Claims Act, failed to comply with Sections 14.004, 14.005(b), and 14.006 of the Texas Civil Practice and Remedies Code, failed to establish exhaustion of remedies available to him under Section 501.008 of the Texas Government Code, and asserted a frivolous claim.

■ Review of a dismissal in inmate litigation under Chapter 14 is conducted through a abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no pet.). Abuse of discretion is determined by whether the court acted without reference to any guiding principles. *Id., citing Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Section 14.005(b) states:

> A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

TEX.CIV.PRAC. & REM.CODE ANN. § 14.005(b)(Vernon 2002).

The trial court does not abuse its discretion in dismissing Appellant's suit for failure to file his suit within thirty-one days of receiving the written response to his grievance to comply with Section 14.005(b). *Moreland v. Johnson,* 95 S.W.3d 392, 395 (Tex.App.-Houston [1st Dist.] 2002, no pet.). A suit that is not timely filed is barred, and may be dismissed. *Id.*

■ Appellant received a denial on the appeal of his grievance on March 21, 2005. This suit was filed on November 21, 2005. This suit was not timely filed within the thirty-one days provided by the statute as it did not occur until eight months after receiving the final denial of his grievance. The trial court did not abuse its discretion in dismissing Appellant's cause of action. This finding is dispositive of the appeal and we decline to address Appellant's other issues.

We affirm the trial court's order dismissing Appellant's cause of action. Appellee's prayer for unspecified costs is denied.