NO. 07-10-0244-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 FEBRUARY 28, 2011
 _____________________________

 LAKEITH AMIR-SHARIF,

 Appellant
 v.

 BRUCE ZELLER, et al.,

 Appellees
 _____________________________

 FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

 NO. B-11381-09-04; HONORABLE EDWARD LEE SELF, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Lakeith Amir-Sharif, an indigent inmate, appeals from two orders
of the trial court – one which found him to be a vexatious litigant
and another one dismissing his petition for writ of mandamus against
various prison officials. Amir-Sharif contends the trial court erred
in 1) finding him to be a vexatious litigant, 2) failing to conduct a
hearing and render a decision on his motion to transfer venue, and 3)
failing to review his pleadings under a liberal construction standard.
 We affirm.
 Dismissal
 The State filed a motion to dismiss under Chapter 14 of the
Civil Practice and Remedies Code. The trial court granted that motion
and dismissed the lawsuit with prejudice on the basis that Amir-
Sharif’s claims have no basis in law or in fact. One of the grounds
in the motion to dismiss involved the failure of Amir-Sharif to sue
within thirty-one days of the date his grievances were adjudicated.
 According to statute, an inmate seeking to prosecute claims that
are subject to the prison grievance system must file with the court an
affidavit or unsworn declaration stating the date that the grievance
was filed and the date the written decision was received by the
inmate. Tex. Civ. Prac. & Rem. Code Ann. §14.005(a)(1) (Vernon 2002).
 He must also attach a copy of the written decision. Id.
§14.005(a)(2). Moreover, the trial court must dismiss the claim if
the inmate failed to initiate it before the thirty-first day after the
date the inmate receives the written decision from the grievance
system.[1] Id. §14.005(b); see Loyd v. Seidel, 281 S.W.3d 55, 56
(Tex. App.–El Paso 2008, no pet.) (holding that a lawsuit not timely
filed at the conclusion of the grievance procedure is barred). Amir-
Sharif did not file the required affidavit or declaration showing
either the date he filed his grievance or the date he received his
written decision. However, two documents reflecting the grievances of
appellant disclosed that they were adjudicated on August 22, 2008, and
October 20, 2008, respectively. Moreover, Amir-Sharif did not
initiate his claim with the trial court until April 22, 2009; nor does
he contend that those adjudicating the grievance delayed, in any way,
in notifying him of the August 22nd or October 20th resolution
grievances. Since the period bertween October 20th and April 22nd far
exceeds thirty-one days, dismissal of the cause was mandated. See
Wolf v. Tex. Dep’t of Criminal Justice, 182 S.W.3d 449, 451 (Tex.
App.–Texarkana 2006, pet. denied) (holding that when the required
affidavit was not filed and in the absence of any indication that the
plaintiff did not receive the final decision in a timely manner, the
court could conclude that over thirty-one days had elapsed). This
being so, the other issues urged by appellant, including his complaint
as to the finding he was a vexatious litigant, need not be addressed.
 We overrule appellant’s issues and affirm the order dismissing
the cause under §14.001 et. seq. of the Texas Civil Practice and
Remedies Code.

 Brian Quinn
 Chief Justice
 -----------------------
 [1]The Government Code precludes an inmate from filing a claim
until he has exhausted his remedies through the grievance system.
Tex. Gov’t Code Ann. §501.008(d) (Vernon 2004).