NO. 07-10-0244-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2011
_____


LAKEITH AMIR-SHARIF,

Appellant

v.

BRUCE ZELLER, et al.,

Appellees
_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B-11381-09-04; HONORABLE EDWARD LEE SELF, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Lakeith Amir-Sharif, an indigent inmate, appeals from two orders of the trial court – one which found him to be a vexatious litigant and another one dismissing his petition for writ of mandamus against various prison officials. Amir-Sharif contends the trial court erred in 1) finding him to be a vexatious litigant, 2) failing to conduct a hearing and render a decision on his motion to transfer venue, and 3) failing to review his pleadings under a liberal construction standard. We affirm.

*Dismissal*

The State filed a motion to dismiss under Chapter 14 of the Civil Practice and Remedies Code. The trial court granted that motion and dismissed the lawsuit with prejudice on the basis that Amir-Sharif's claims have no basis in law or in fact. One of the grounds in the motion to dismiss involved the failure of Amir-Sharif to sue within thirty-one days of the date his grievances were adjudicated.

According to statute, an inmate seeking to prosecute claims that are subject to the prison grievance system must file with the court an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by the inmate. TEX. CIV. PRAC. & REM. CODE ANN. §14.005(a)(1) (Vernon 2002). He must also attach a copy of the written decision. *Id.* §14.005(a)(2). Moreover, the trial court must dismiss the claim if the inmate failed to initiate it before the thirty-first day after the date the inmate receives the written decision from the grievance system.[1] *Id.* §14.005(b); *see Loyd v. Seidel,* 281 S.W.3d 55, 56 (Tex. App.–El Paso 2008, no pet.) (holding that a lawsuit not timely filed at the conclusion of the grievance procedure is barred). Amir-Sharif did not file the required affidavit or declaration showing either the date he filed his grievance or the date he received his written decision. However, two documents reflecting the grievances of appellant disclosed that they were adjudicated on August 22, 2008, and October 20, 2008, respectively. Moreover, Amir-Sharif did not initiate his claim with the trial court until April 22, 2009; nor does he contend that those adjudicating the grievance delayed, in any way, in notifying him of the August 22nd or October 20th resolution grievances. Since the period bertween October 20th and April

---

[1]The Government Code precludes an inmate from filing a claim until he has exhausted his remedies through the grievance system. TEX. GOV'T CODE ANN. §501.008(d) (Vernon 2004).

22nd far exceeds thirty-one days, dismissal of the cause was mandated. *See Wolf v. Tex. Dep't of Criminal Justice,* 182 S.W.3d 449, 451 (Tex. App.–Texarkana 2006, pet. denied) (holding that when the required affidavit was not filed and in the absence of any indication that the plaintiff did not receive the final decision in a timely manner, the court could conclude that over thirty-one days had elapsed). This being so, the other issues urged by appellant, including his complaint as to the finding he was a vexatious litigant, need not be addressed.

We overrule appellant's issues and affirm the order dismissing the cause under §14.001 *et. seq.* of the Texas Civil Practice and Remedies Code.


Brian Quinn
Chief Justice