ANN CRAWFORD McCLURE, Chief Justice
Larry Joe Morgan is an inmate incarcerated with the Texas Department of Criminal Justice. Proceeding pro se and in forma pauperis , Morgan sued the warden and two correctional officers at TDCJ's Lynaugh Unit, alleging they failed to protect him when another inmate beat him with a cup on January 20, 2016. On behalf of Appellees, the Texas Attorney General's Office (OAG) filed a motion to dismiss Morgan's lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, which places numerous procedural requirements on an inmate who sues in forma pauperis. See TEX.CIV.PRAC. & REM.CODE ANN. §§ 14.001 -.014 (West 2017); Thomas v. State , No. 10-16-00283-CV, 2017 WL 218938, at *1 (Tex.App.-Waco Jan. 18, 2017, pet. filed) (mem. op.)("An inmate proceeding in forma pauperis ... is subject to the procedural requirements of Chapter 14."). Morgan contends the trial court abused its discretion when it dismissed his lawsuit with prejudice.
In its motion to dismiss, the OAG asserted that Morgan had failed to meet the *2 requirements of Chapter 14 in three respects: (1) by failing to provide a sufficient description of the six prior lawsuits he had filed, (2) by failing to provide an accurate printout from his inmate trust account, and (3) by failing to file a copy of the written decision from the inmate grievance system. Along with his response to the motion, Morgan provided a declaration stating that he had timely submitted a Step 1 grievance in the inmate grievance system on February 4, 2016, but that the warden never responded and that therefore the grievance did not proceed to Step 2.[1] He also provided a list of lawsuits he had previously filed. On March 1, 2016, the trial court granted the motion to dismiss without a hearing and entered judgment dismissing Morgan's claims with prejudice. Three months after the trial court entered judgment and three weeks after the trial court had denied Morgan's motion for new trial, Morgan filed a printout from his inmate trust account with his request for preparation of the appellate record.
STANDARD OF REVIEW
We review a dismissal under Chapter 14 for abuse of discretion. Camacho v. Rosales , 511 S.W.3d 82 (Tex.App.-El Paso 2014, no pet.) ; Loyd v. Seidel , 281 S.W.3d 55, 56 (Tex.App.-El Paso 2008, no pet.). A trial court abuses its discretion if it acts without reference to guiding rules or principles. Loyd , 281 S.W.3d at 56.
ANALYSIS
The OAG correctly points out that Morgan did not meet the requirements of Chapter 14 in several respects. For instance, because Morgan had filed a declaration of inability to pay costs, Section 14.004 of Chapter 14 required Morgan to also file "a separate affidavit or declaration" informing the court of each lawsuit he had previously brought as a pro se litigant (excluding any lawsuits brought under the Family Code). TEX.CIV.PRAC. & REM.CODE ANN. § 14.004(a). Along with his response to the OAG's motion to dismiss, Morgan filed a declaration listing "Each Lawsuit Previously Filed." Morgan listed six prior lawsuits and identified the parties involved, the cause number (except for one case), and provided a short description of each lawsuit and its status. Section 14.004, however, also required Morgan to identify the court in which each action was brought and "whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 [allowing dismissal of any indigent's lawsuit as frivolous or malicious] or Section 14.003 [allowing dismissal of an indigent inmate's lawsuit as frivolous or malicious] or otherwise." Id. at § 14.004(a)(2)(B, D). Morgan failed to meet these requirements.
Also, Section 14.006(f) required Morgan to file a certified copy of his trust account statement reflecting the balance of the account at the time the claim was filed and the activity in the account for the six months before suit was filed. Id. at § 14.006(f). Morgan failed to timely file a trust account statement. Morgan only belatedly filed a trust account statement three months after judgment was entered, when he filed his request for preparation *3 of the appellate record. And, even then, the statement did not show the balance at the time suit was filed and did not reflect the activity in the account for the entire six month period before suit was filed.
Morgan alleges in his brief that despite these deficiencies, the trial court should not have dismissed his case with prejudice. We agree. Under Texas law, a dismissal for failure to comply with the requirements of Chapter 14 "may be corrected through an amended pleading, so a dismissal with prejudice is not appropriate." Peña v. McDowell, 201 S.W.3d 665, 665-66 (Tex. 2006) (per curiam); see also McLean v. Livingston , 486 S.W.3d 561, 564 (Tex. 2016) (discussing the holding in Pena and applying it to indigent inmate appeals).
Normally, if dismissal with prejudice were the only problem with the trial court's judgment, we would modify the judgment to be without prejudice and affirm the judgment as modified. See Brown v. Bluhm , No. 04-09-00031-CV, 2009 WL 2209643, at *3 (Tex.App.-San Antonio July 22, 2009, no pet.) (mem. op.)(modifying judgment to be without prejudice and affirming judgment as modified because deficiency could be corrected by amendment). Here, however, there is another problem. Morgan correctly asserts that the trial court should not have addressed and ruled on the motion to dismiss, but rather was required by statute to abate the case when he presented evidence that his grievance system procedure was not complete.
In this regard, Section 14.005 requires that when an inmate files a claim subject to the grievance system established under Section 501.008 of the Texas Government Code, he must file an affidavit or unsworn declaration stating the date the grievance was filed and the date the final decision was received, along with a copy of the written decision from the grievance system. TEX.CIV.PRAC. & REM.CODE ANN. § 14.005(a). In his response to the motion to dismiss, Morgan stated in his declaration that he had filed a Step 1 grievance on February 4, 2016 with the warden, who never replied, and that he had "immediately filed my claim," because he had learned from previous experience with a former grievance that when "they do not respond to Step 1 grievances ... you can't do a Step 2." The OAG argued in part that Morgan's claim should be dismissed because he did not file a copy of the written decision from the grievance system as required by Section 14.005(a), and had therefore failed to show that he had exhausted his administrative remedies. But Section 501.008 of the Government Code provides that the grievance system is the exclusive administrative remedy and prevents an inmate from filing a claim in state court, only until either (1) the inmate receives a written grievance system decision or (2) if the inmate has not received a written decision, the 180th day after the date the grievance is filed. TEX.GOV'T CODE ANN. § 501.008(d) (West 2012). Thus, Morgan could have properly filed suit 180 days after the date he filed his grievance on February 4, 2016, even without a written decision from the grievance system. Morgan's response showed that he had not yet received the written grievance decision, but had proceeded to file suit before the 180 days had elapsed. Section 14.005(c) specifically requires that when "a claim is filed before the grievance system procedure is complete, the court shall stay the proceedings with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure." [Emphasis added]. TEX.CIV.PRAC. & REM.CODE ANN. § 14.005(c). By proceeding to rule on the motion to dismiss rather than staying the proceedings as required by Section 14.005(c), the trial court acted *4 without reference to Section 14.005(c) and thus abused its discretion. We therefore reverse the trial court's judgment dismissing Morgan's claims with prejudice and remand for further proceedings consistent with this opinion.[2]
Hughes, J., not participating

"TDCJ's inmate grievance procedure is a two-step process outlined in TDCJ's Offender Orientation Handbook, which is distributed to inmates upon their confinement within the corrections system.... The Step 1 grievance must be filed within 15 days from the date of the alleged incident or occurrence. If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance." Camacho v. Rosales , 511 S.W.3d 82, 85, n.2 (Tex.App.-El Paso no pet.), quoting Hill v. Reilly, 343 S.W.3d 447, 450 (Tex.App.-El Paso 2010, pet. denied).

Because of our disposition, we need not address Morgan's other assertions why the trial court abused its discretion in dismissing his case. See Tex.R.App.P. 47.1.