COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LARRY JOE MORGAN, | § | |
| TDCJ NO. 1847262, | | No. 08-18-00055-CV |
| | § | |
| Appellant, | | Appeal from the |
| v. | § | |
| | | 83rd District Court |
| JAMES A. WHITFIELD, | § | |
| SERGIO RODRIGUEZ, AND | | of Pecos County, Texas |
| VICENTE HERNANDEZ, | § | |
| | | (TC# P-7504-83CV) |
| Appellees. | § | |

## **O P I N I O N**

Appellant Larry Joe Morgan appeals from the dismissal without prejudice of his complaints

against the warden and two corrections officers at the prison where he is an inmate.  We affirm.

**Background**

Appellant Larry Joe Morgan, an inmate, filed suit against James A. Whitfield, prison

warden of the James Lynaugh Unit of the Texas Department of Criminal Justice, Correctional

Institutions Division.[1]  Morgan also sued two corrections officers, Sergio Rodriguez and Vicente Hernandez.[2]  All defendants purportedly were sued in their individual and official capacities.

The factual background of Morgan's claims arises from an altercation in which he claimed another inmate attacked him in the prison chow hall with a hard plastic cup.  He alleged that Rodriguez and Hernandez failed to intervene, and that Whitfield failed to provide adequate security.  The grounds of the lawsuit were listed as: failure to provide protection for prisoner in custody; failure to provide sufficient medical attention; failure to maintain Eighth Amendment protection from physical brutality; harassment; retaliation; falsification of records; gross negligence; and destruction of property.

Whitfield, Rodriguez, and Hernandez moved to dismiss Morgan's claims on multiple grounds, including sovereign immunity and statutory provisions allowing for the dismissal of frivolous inmate claims, *see* TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a)(2), and dismissal of claims against employees of governmental units based on conduct within the general scope of the employee's employment, *see id*. at § 101.106(f).  The trial court dismissed the claims without prejudice.  Morgan appealed from the denial of his claims.

**Analysis**

---

[1] Morgan filed a 4th amended petition, dating it February 2, 2018.  The trial court's order of dismissal was dated January 31, 2018 and file-stamped February 8, 2018.  While Morgan did include record cites that reference the 4th amended petition, he does not appear to make any argument that depends on the 4th amended petition.  We will consider the 3rd amended petition, i.e. the live petition at the time the trial court signed the dismissal order, as the operative petition.

[2] In his original, first amended, and second amended petitions, Morgan named these three defendants.  In his third and fourth amended petitions, Morgan added two additional defendants, Villicana and Valdivia.  The record does not reflect that these additional defendants were served, and Morgan does not appear to mention them as intended Appellees.  Accordingly, we do not treat Villicana and Valdivia as Appellees or address the purported claims against them.

2

Appellant frames his appeal as presenting four issues. In his first two issues, he reasserts part of the substance of his lawsuit, asserting that Whitfield was responsible for his injuries because he allowed the capacity of the chow hall to exceed its capacity of 160 offenders and because he failed to ensure adequate staffing. In his third issue, he contends that his lawsuit should not have been dismissed for failure to satisfy the election-of-remedies provision of the Texas Tort Claims Act, Section 101.106 of the Civil Practice and Remedies Code. Finally, Morgan challenges the dismissal of various constitutional claims asserted against the Appellees.

## I. Allegations concerning management of chow hall

In his first issue, Morgan contends that Whitfield "allowed the chow hall to exceed the capacity of 160 offenders within." Within his explanation of this issue, he also contends that prison officials "have a duty under the Eighth Amendment to provide humane conditions of confinement." He alleges that Rodriguez and Hernandez "had plenty of time to defuse the situation" before he was attacked with a hard plastic cup. Likewise, Morgan's second issue asserts that Whitfield "did not have adequate staffing" in the prison's chow hall facility.

We review a dismissal under Chapter 14 for abuse of discretion. *Camacho v. Rosales*, 511 S.W.3d 82, 85 (Tex.App.—El Paso 2014, no pet.); *Loyd v. Seidel*, 281 S.W.3d 55, 56 (Tex.App.—El Paso 2008, no pet.). A court may dismiss an indigent inmate's claim if the court finds that the claim is frivolous or malicious. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a)(2). "In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same

3

operative facts." *Id*. at § 14.003(b). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Loyd*, 281 S.W.3d at 56.

None of Morgan's assertions in his first two issues addressed the Appellees' legal arguments supporting the motion to dismiss his claims as frivolous, nor did he otherwise assign error to the trial court's ruling which dismissed his lawsuit without prejudice. Morgan's brief failed to challenge all of the arguments supporting Appellees' motion to dismiss that his claims as frivolous because they have no arguable basis in law, including but not limited to his failure to exhaust administrative remedies. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a)(2), (b)(2); *see also* TEX.GOV'T CODE ANN. § 501.008(d)(requiring exhaustion of administrative remedies before an inmate may file in state court a claim subject to the inmate grievance system); *Simmonds v. Harrison*, 387 S.W.3d 812, 815 (Tex.App.—Eastland 2012, no pet.)("A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies.").

To the extent Morgan addressed exhaustion of remedies for the first time in his reply brief, his response was conclusory and did not refute the Appellees' argument that his grievances raised different issues and requested different relief than his lawsuit. These issues present nothing for appellate review, and accordingly we overrule Morgan's first two issues. *See* TEX.R.APP.P. 38.1(i).

## II.    Election of remedies

Appellees moved to dismiss Morgan's negligence claims pursuant to Section 101.106(f) of the Civil Practice and Remedies Code. That statute provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the

4

> plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(f).

"A suit against a governmental employee in an official capacity is effectively a suit against the employing governmental unit, except in those cases alleging the employee has acted *ultra vires*." *Garza v. Harrison*, 574 S.W.3d 389, 399 (Tex. 2019). Under the common law, "public employees (like agents generally) have always been individually liable for their own torts, even when committed in the course of employment," and to the extent an employee is not entitled to official immunity, the employee's liability could be established in a suit against the employee individually. *See id.* (quoting *Franka v. Velasquez*, 332 S.W.3d 367, 383 (Tex. 2011). Section 101.106 "alters the common-law scheme by requiring plaintiffs to choose between suing the governmental unit under the Act and suing a responsible employee in an individual capacity." *Garza*, 574 S.W.3d at 399.

Morgan does not dispute Appellees were employees of a governmental unit or that they were acting within the general scope of their employment when they engaged in the conduct upon which his negligence claims are based. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(f). Instead, his argument is that he could not have brought his claims under the Tort Claims Act because his injuries were not caused by "the operation or use of a motor-driven vehicle or motor-driven equipment." *See id.* at § 101.021. This interpretation of the statute was rejected by the Supreme Court of Texas, which has held that "[b]ecause the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol. Indep. Sch. Dist.*

*v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008)(quoting *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex. 1997); *see also Franka*, 332 S.W.3d at 385.

Morgan did not take advantage of the opportunity to amend his pleadings by dismissing the individual employees and instead naming the governmental unit as defendant within 30 days after the motion was filed. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 101.106(f). Accordingly, Appellees were entitled to dismissal of the negligence claims against them. *See id*. We overrule Morgan's appellate challenge to the dismissal of his suit to the extent it was based upon the application of Section 101.106(f).

### III.    Constitutional claims

In his final issue, Morgan contends that by dismissing his lawsuit "without good cause," the trial court abused its discretion and violated the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution. His assertions regarding these purported constitutional violations are conclusory and lack support from legal authorities. As with his first two issues, he did not address the Appellees' grounds for their motion to dismiss, nor did he otherwise assign error to the trial court's ruling which dismissed his lawsuit without prejudice. He presented no argument that the trial court abused its discretion by finding these constitutional claims frivolous under the standard of Section 14.003(b) because they have no arguable basis in law, including but not limited to his failure to exhaust administrative remedies. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 14.003(a)(2), (b)(2); TEX.GOV'T CODE ANN. § 501.008(d); *Simmonds*, 387 S.W.3d at 815. This issue presents nothing for appellate review, and accordingly we overrule Morgan's fourth issue. *See* TEX.R.APP.P. 38.1(i).

**Conclusion**

We affirm the dismissal of Appellant Larry Joe Morgan's claims without prejudice.


September 27, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.
McClure, C.J. (Not Participating)