

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LARRY JOE MORGAN,<br>TDCJ No. 1847262, | § | No. 08-18-00103-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | 83rd District Court |
| | § | |
| DOCTOR TALLEY and SAMUEL B.,<br>ITIE, FNP, in their Individual and Official<br>Capacity, | § | of Pecos County, Texas |
| | § | (TC# P-7867-83-CV) |
| | § | |
| Appellees. | | |

### O P I N I O N

In this pro se appeal, Larry Joe Morgan challenges two orders of the trial court: (1) an order naming Morgan a vexatious litigant and requiring him to furnish security before allowing him to proceed in this case; and (2) an order prohibiting him from filing any new litigation without first obtaining permission from a local administrative judge. We dismiss the challenge against the first order for lack of jurisdiction; we affirm the second order.

### BACKGROUND

Morgan is a prisoner in the custody of the Texas Department of Criminal Justice. This appeal arises out of a lawsuit Morgan filed alleging that two members of the prison's medical staff failed to provide proper medical care after Morgan was injured.

The Attorney General filed an amicus curiae advisory requesting an order declaring

Morgan a vexatious litigant and requiring him to furnish security. *See* TEX.CIV.PRAC. & REM. CODE ANN. §§ 11.001-.101. The Attorney General contended that Morgan had not only failed to exhaust his administrative remedies before filing suit but also had an extensive and unsuccessful history of filing pro se lawsuits over the last seven years. Following a telephonic hearing at which Morgan appeared pro se, the trial court entered two orders: (1) an order that names Morgan a vexatious litigant and orders him to furnish security in the amount of $1,000 by July 1, 2018 to proceed in this case; and (2) an order imposing a prefiling restriction that prohibits Morgan from filing any new litigation in a court of this State without first obtaining permission from the local administrative judge.

Morgan filed this appeal. We proceed without the benefit of a brief from Appellees.[1]

## DISCUSSION

### *Jurisdiction and Scope of Review*

Morgan has raised three issues on appeal. In Issue One, he contends that the trial court abused its discretion by declaring him a vexatious litigant. In Issue Two, he maintains that the trial court abused its discretion when it dismissed his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, which imposes restrictions on certain civil litigation filed by prisoners. Finally, in Issue Three, he argues that the trial court abused its discretion by violating his rights under the Fourth, Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution.

We pause briefly to clarify our jurisdiction and scope of review in this case.

---

[1] In its advisory, the Attorney General informed the trial court, without making a special appearance, that neither defendant named in the suit had been properly served as required by Rules 106, 107(c) and 501.3 of the Texas Rules of Civil Procedure, which allow for service by certified mail but require that the addressee sign the return receipt. The advisory further described that the certified mail, return receipts for Dr. Sheri Talley and Samuel B. Itie were addressed correctly but otherwise signed by an unknown person by the name of "Lopez."

As earlier stated, the two orders Morgan challenges in his notice of appeal are: (1) an order naming Morgan a vexatious litigant and ordering him to furnish security in the amount of $1,000 to proceed with his case; and (2) a prefiling order prohibiting Morgan, as a vexatious litigant, from filing any new litigation in a Texas court without first obtaining permission from a local administrative judge. Morgan did not mention or attach any other order to his notice of appeal to include a dismissal order, nor does our record include such a dismissal order.

Given the lack of a final order dismissing all parties and claims in the record before us, we decline to address Morgan's Issue Two, in which he contends that the trial court improperly dismissed his case under Chapter 14 of the Texas Civil Practice and Remedies Code, as being unnecessary to the resolution of this appeal. *See* TEX.R.APP.P. 47.1. Likewise, we cannot reach the merits of Morgan's constitutional claims in the absence of a final order, so we decline to address Issue Three as unnecessary to the resolution of this appeal. *Id*.

The two orders about which Morgan complains are interlocutory orders. Appeals of interlocutory orders are not permitted except as allowed by statute. *Nunu v. Risk*, 567 S.W.3d 462, 466 (Tex.App.—Houston [14th Dist.] 2019, pet. denied). As our sister court in Houston recently recognized, there is no statute explicitly allowing for the interlocutory appeal of a vexatious litigant order requiring payment of a bond to continue litigating a particular case. *Id*. As such, we cannot reach the propriety of that trial court order in this procedural posture. *Id*. However, the order imposing prefiling restrictions on Morgan's future pro se filings is itself an appealable interlocutory order by statute. TEX.CIV.PRAC. & REM. CODE ANN. § 11.101(c); *see also Nunu*, 567 S.W.3d at 466. We thus focus our attention in this appeal on the propriety of the trial court's vexatious litigant order which imposed prefiling restrictions on Morgan which prohibited him from filing any new litigation in a court of this State. (Issue One).

3

*Merits*

Chapter Eleven of the Texas Civil Practice and Remedies Code outlines the process by which a litigant may be named vexatious such that restrictions may be imposed on his or her filings. We review issues related to Chapter Eleven of the Texas Civil Practice and Remedies Code for abuse of discretion. *Restrepo v. Alliance Riggers & Constructors, Ltd.*, 538 S.W.3d 724, 750 (Tex.App.—El Paso 2017, no pet.).

Under Chapter 11, "[a] court may, on its own motion or the motion of any party, enter an order prohibiting a person from filing, pro se, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge described by Section 11.102(a) to file the litigation if the court finds, after notice and hearing as provided by Subchapter B, that the person is a vexatious litigant [footnote omitted]." TEX.CIV PRAC. & REM. CODE ANN. § 11.101. A court may consider any evidence material to the ground of the motion, including: (1) written or oral evidence; and (2) evidence presented by witnesses or by affidavit. TEX.CIV.PRAC.& REM. CODE ANN. § 11.053.

A court may find a plaintiff to be a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been:

(A) finally determined adversely to the plaintiff;

(B) permitted to remain pending at least two years without having been brought to trial or hearing; or

4

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

TEX.CIV.PRAC. & REM. CODE ANN. § 11.054.

The propriety of the trial court's order hinges on whether the trial court abused its discretion in naming Morgan a vexatious litigant under Section 11.054. For conceptual clarity, we will break down Section 11.054 into two prongs: a "reasonable probability of prevailing" prong and a "statutory predicate" prong. Here, both the lack of reasonable probability of prevailing and a statutory predicate have been established.

**No Reasonable Probability of Prevailing**

**(Prong One)**

The Attorney General's advisory asserts that Morgan cannot succeed on the merits of this claim because he failed to provide affirmative evidence showing that he complied with the administrative exhaustion requirements imposed on prisoner litigation under Chapter 14 of the Texas Civil Practice and Remedies Code. *See Camacho v. Rosales*, 511 S.W.3d 82, 84 n.2 (Tex.App.—El Paso 2014, no pet.)(detailing TDCJ administrative process for prisoners filing claims). Given that the administrative exhaustion requirement is a prerequisite to filing suit, failure to comply with the administrative exhaustion requirements would be fatal to Morgan's

claim. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex.App.—Fort Worth 2010, no pet.).

Morgan did not refute the Attorney General's contentions about failing to exhaust his administrative remedies in the trial court, and he does not address this point in his appellate brief. *Compare Morgan v. Whitfield*, 547 S.W.3d 1, 3-4 (Tex.App.—El Paso 2017, no pet.)(reversing case involving this same appellant and other prison officials because there was evidence appellant had filed a Step 1 grievance against those officials that was never ruled on, which triggered 180-day clock for TDCJ to either rule on the grievance or else face a lawsuit). Because Morgan as the Appellant has not shown that he has complied with the administrative exhaustion requirements to properly present his claim, we find Morgan cannot show there is a reasonable probability that he will prevail in the underlying lawsuit. Prong One has been satisfied.

### Statutory Predicate:  Five Litigations in Seven Years

### (Prong Two)

Having established that Morgan does not have a reasonable probability of prevailing in his lawsuit, we next turn to the question of whether the trial court's decision rests on one of three proper statutory predicates: (1) the existence of five litigations in seven years, TEX.CIV.PRAC. & REM.CODE ANN. § 11.054(1); (2) repeated relitigation of a final determination, *id*. § 11.054(2); or (3) a previous vexatious litigant declaration made by a state or federal court in the same or a substantially similar proceeding, *id*. § 11.054(3).

The five litigations in seven years predicate is applicable here. The Attorney General's Office in its advisory identified the following six lawsuits Morgan filed that have been dismissed for frivolousness or other procedural reasons:

- *Morgan v. City of Fort Worth, Tex.*, *et al.*, No. 4:13-CV-004-Y (N.D. Tex. July 31, 2013)(order dismissing suit); and the subsequent appeal, *Morgan v. City of Fort Worth, Tex., et al.* No. 14-10032 (5th Cir. June 17, 2014);

- *Morgan v. Tarrant Cty. Fort Worth, et al.*, No. 4:14-CV-00537-A, 2014 WL 3670095 (N.D. Tex. July 22, 2014)(order dismissing suit);

- *Morgan v. Hendrick Med. Ctr.*, *et al.*, No. 1:14-cv-00117-BL (N.D. Tex. Mar. 6, 2015)(order dismissing suit), and the subsequent appeal *Morgan v. Hendrick Med. Ctr.*, No. 15-10750 (5th Cir. 2017);

- *Morgan v. Hagerman*, No. 4:16-CV-639-A (N.D. Tex. July 25, 2016)(order dismissing suit), and the subsequent appeal, *Morgan v. Hagerman*, No. 16-11257 (5th Cir. Oct. 25, 2016);

- *Morgan v. Harris*, No. 48-284616-16 (48th Dist. Ct., Tarrant County, Tex. June 2, 2016)(order dismissing suit), and the subsequent appeal, *Morgan v. Harris*, No. 06-16-00049-CV, 2017 WL 1089805 (Tex.App.—Texarkana Mar. 23, 2017, no pet.)(mem. op.); and

- *Morgan v. Walker*, No. 02-16-00219-CV, 2016 WL 4395803 (Tex.App.—Fort Worth Aug. 18, 2016, no pet.)(mem. op.)(dismissing attempted appeal for want of jurisdiction).

We find that the Attorney General established that Morgan initiated at least five litigations that either were decided against him or dismissed for procedural reasons as required by Section 11.054(1). Both prong one and two have been established. As such, we hold that the trial court did not abuse its discretion in finding Morgan to be a vexatious litigant and thereafter rendering its prefiling restriction order. Issue One is overruled.

7

**CONCLUSION**

Because we lack jurisdiction over Morgan's appeal from the order naming him a vexatious-litigant and ordering him to furnish security by a date certain to proceed with his case, we dismiss that part of the appeal for lack of jurisdiction. *See* TEX.R.APP.P. 43.2(f). Having overruled Morgan's challenge of the trial court's prefiling order prohibiting him from filing any new litigation in a court of this State without first obtaining permission from a local administrative judge, we affirm the court's order. *See* TEX.R.APP.P. 43.2(a).

GINA M. PALAFOX, Justice

March 6, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.