

# NUMBER 13-23-00346-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

HECTOR SANCHEZ,                                                                 Appellant,

## v.

BOBBY LUMPKIN, ET AL.,                                                          Appellees.

## ON APPEAL FROM THE 36TH DISTRICT COURT
## OF BEE COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides**

In this case involving inmate litigation, appellant Hector Sanchez, proceeding pro se and *in forma pauperis*, filed suit against various prison officials and personnel alleging a litany of claims. The trial court dismissed the suit without prejudice under Chapter 14 of the Texas Civil Practice and Remedies Code for failure to exhaust administrative

remedies. Sanchez contends on appeal that the trial court abused its discretion in dismissing one of his claims because the record reflects that prison officials failed to timely respond to his Step 2 grievance for that claim. We affirm in part and reverse and remand in part.

## I.    BACKGROUND

In December 2022, Sanchez filed suit against appellees Bobby Lumpkin, Director of the Texas Department of Criminal Justice Correctional Institutions Division (TDCJ); Warden Larissa Wysocki; Law Library Supervisor Lori B. Rincon; Law Library Assistant Mary H. Martinez; Officers Gabriel R. Gonzales, Jennifer S. Snyder, and Alyssa M. Velasco; and Infirmary Manager Kurt Little for claims that arose while he was housed in TDCJ's Garza West Unit. As pertinent here, Sanchez alleged that, on or about August 18, 2022, Officer Gonzales, acting under color of state law, violated his constitutional right to access the courts.

On that same day, Sanchez alleges that he filed a Step 1 grievance (No. 2022139460) against Officer Gonzales and, unsatisfied with the result, later filed a Step 2 grievance. He further claimed that he was still awaiting a response to this Step 2 grievance and cited Exhibit A to his petition. Attached to his petition as Exhibit A is a "Notice of Extension," dated October 22, 2022, from the Offender Grievance Office. The notice informs Sanchez that the office needed an additional forty days to respond to his Step 2 grievance numbered 2022139460. Sanchez also noted that he could not provide a copy of his Step 1 grievance form because, as required by grievance system procedure, he attached it to his Step 2 grievance form, which, at the time of filing, had not been

2

returned to him.

Along with his sworn petition, Sanchez filed a motion asking the trial court to stay the proceedings "so as to allow the [TDCJ] grievance system procedure to complete its final disposition of [his] 'Step 2' [No.] 2022139460." The trial court did not rule on Sanchez's motion.

The remainder of Sanchez's thirty-four-page petition raised various claims against the other appellees. These claims included allegations that other prison employees had also violated his right to access the courts, that his due process rights were violated, that prison officials and personnel were not following state laws and TDCJ policies, and that improper billing practices within the prison infirmary amounted to theft. Sanchez attached several other Step 1 grievances to his petition in which he raises these complaints; however, none of these Step 1 grievances were accompanied by a corresponding Step 2 grievance or an explanation for why they were missing.

The Texas Office of the Attorney General (OAG), appearing as *amicus curiae*, filed an advisory with the trial court suggesting that the entire suit be dismissed because "Sanchez utilized the Step 1 grievance procedure, but failed to utilize Step 2, and therefore has failed to exhaust the established grievance procedure." There was no evidence attached to the advisory; instead, the OAG's recommendation was based solely on Sanchez's petition. Thereafter, on April 21, 2023, without holding a hearing, the trial court entered an order stating: "This Cause is **Dismissed Without Prejudice** for failing to exhaust all remedies prior to filing this claim."

This appeal ensued.

3

## II.    APPLICABLE LAW & STANDARD OF REVIEW

Chapter 14 applies to a suit, other than under the Texas Family Code, brought by an inmate who files an affidavit or declaration of inability to pay costs. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002. As a prerequisite to filing suit, an inmate must exhaust his administrative remedies through the prison grievance system. TEX. GOV'T CODE ANN. § 501.008(d). An inmate satisfies this requirement when he "receives a written decision issued by the highest authority provided for in the grievance system." *Id.* § 501.008(d)(1). TDCJ has established a two-step grievance system for inmates. *Hill v. Reilly*, 343 S.W.3d 447, 450 (Tex. App.—El Paso 2010, pet. denied). "If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c). If an inmate has complied with grievance system procedures but not received a final decision with 180 days of filing his grievance, he may proceed with filing suit. TEX. GOV'T CODE ANN. § 501.008(d)(2).

Under Chapter 14, a trial court may dismiss an inmate's claim, either before or after service of process, if it finds the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, no pet.). A claim that has no arguable basis in law or fact is frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(2). A claim has no arguable basis in law if the inmate failed to exhaust his administrative remedies. *Palmer v. Tex. Dep't of Crim. Just.*, 657 S.W.3d 76, 81 (Tex. App.—El Paso 2022, no pet.); *Hamilton*, 298 S.W.3d at 339; *Retzlaff v. Tex. Dep't of Crim. Just.*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th

4

Dist.] 2002, pet. denied).

Generally, we review a trial court's dismissal of a lawsuit under Chapter 14 for an abuse of discretion. *In re Douglas*, 333 S.W.3d 273, 293 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). However, when a trial court dismisses a claim as frivolous without a fact hearing, as occurred here, the issue on appeal is limited to whether the claim has an arguable basis in law. *Smith v. Tex. Dep't of Crim. Just.–Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). This is a legal issue that we review de novo. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.). "When a trial court's dismissal does not specify the grounds for its determination, we may affirm under any applicable legal theory." *Hosea v. Dominguez*, 668 S.W.3d 704, 708 (Tex. App.—El Paso 2022, pet. denied); *Walker v. Gonzales Cnty. Sheriff's Dep't*, 35 S.W.3d 157, 162 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied) ("An order granting a dispositive motion that does not specify the grounds for dismissal will be affirmed if any of the theories advanced in the motion supports dismissal."); *see also Franklin v. Aiello*, No. 03-11-00497-CV, 2012 WL 4466515, at *2 (Tex. App.—Austin Sept. 26, 2012, no pet.) (mem. op.).

### III.   ANALYSIS

Sanchez only contests the dismissal of his claim against Officer Gonzales for allegedly violating his constitutional right to access the courts.[1] Because the trial court expressly dismissed Sanchez's suit solely for failure to exhaust his administrative remedies, we confine our analysis to whether it was proper to dismiss Sanchez's claim

---

[1] The OAG has not filed a brief to aid us with the disposition of this appeal.

5

against Officer Gonzales on that ground.[2] *See Hosea*, 668 S.W.3d at 708; *Walker*, 35 S.W.3d at 162.

Sanchez alleged in his sworn petition that he followed the two-step grievance system with respect to his claim against Officer Gonzales and was awaiting a final written decision on his Step 2 grievance. He also provided correspondence from TDCJ that was consistent with his allegation. Because Sanchez filed his suit approximately 120 days after he filed his Step 1 grievance against Officer Gonzales, we agree with him that the trial court should have granted his motion and stayed the proceedings until the 180-day deadline to respond had lapsed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(c); *Morgan v. Whitfield*, 547 S.W.3d 1, 3–4 (Tex. App.—El Paso 2017, no pet.) (noting that § 14.005(c) is mandatory and reversing and remanding the trial court's dismissal order premised on a failure to exhaust).

In any event, by the time the trial court dismissed Sanchez's suit several months later, more than 180 days had passed since Sanchez initially filed his grievance. Moreover, there is no indication from the record that his Step 2 grievance was returned to him unprocessed for some procedural defect while the suit was pending.[3] *See, e.g.*, *Camacho v. Rosales*, 511 S.W.3d 82, 84 n.2 (Tex. App.—El Paso 2014, no pet.) ("If the inmate receives an adverse Step 1 decision, the inmate has 15 days to file a Step 2 grievance."); *see also Aiello v. Collier*, No. 13-21-00002-CV, 2022 WL 1250850, at *4

---

[2] We express no opinion as to whether Sanchez's claim against Officer Gonzales could otherwise be considered frivolous because it has no basis in law.

[3] Sanchez alleges in his brief that, to this date, he has not received a response to his Step 2 grievance against Officer Gonzales.

(Tex. App.—Corpus Christi–Edinburg Apr. 28, 2022, pet. denied) (mem. op.) (affirming the dismissal of an inmate's suit with prejudice because the record showed that he "did not timely proceed with the second step of the grievance process," and thus, "the defect in his pleading cannot be remedied by re-pleading"). Thus, at the time of dismissal, Sanchez was entitled to proceed with his suit against Officer Gonzales, and the trial court abused its discretion by dismissing that particular claim on exhaustion grounds. *See* Tex. Gov't Code Ann. § 501.008(d)(2). Sanchez's sole issue is sustained.

## IV.    CONCLUSION

We reverse and remand the judgment as to Sanchez's claim against Officer Gonzales for allegedly violating his constitutional right to access the courts. We affirm the remainder of the judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
2nd day of May, 2024.

7